**UNITED STEELWORKERS OF AMERICA LOCAL 1913 and/or Sam Godich**

v.

**UNION RAILROAD COMPANY.**

**Appeal of Sam GODICH.**

**No. 78–2069.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Feb. 15, 1979.

Decided April 27, 1979.

Robert Rade Stone, Pittsburgh, Pa., for appellant.

Donald B. Heard, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellee.

Before ALDISERT, ADAMS and HIGGINBOTHAM, Circuit Judges.

OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

I.

Sam Godich, a member of the United Steelworkers of America, Local 1913, was dismissed from his job at the Union Railroad Company in March 1976. Since 1976 Godich has litigated the validity of his termination twice, both in an administrative agency and in a United States district court. He is now before us requesting the most fundamental and elementary right inherent in procedural due process—that a party be notified by an adjudicatory body of the date and place of its hearing before

that body decides the party's claim. More than a century ago Mr. Justice Story declared that:

> [U]pon the eternal principles of justice . . . [a proceeding without notice] is but a solemn fraud, even if it is clothed with all the forms of a judicial proceeding. *Bradstreet v. Neptune Insurance Co.,* 3 F.Cas. No. 1, 793, 1184, 1187 (C.C.D. Mass.1839) (No. 1, 793).

Because of the violation of his right to notice, the judgment below must be reversed and the case remanded to the administrative agency for a hearing in compliance with the law.

## II.

After Godich received notice of his dismissal, an "investigatory hearing" was held and Godich was found to have been insubordinate and to have incited and led a work stoppage. Exercising his rights under the Railway Labor Act of 1934, as amended, 45 U.S.C. §§ 151–188, Godich challenged his dismissal before Public Law Board No. 1782 (the Board).[1] After a hearing the Board found that Union Railroad charges were supported by substantial evidence and denied his claim.

Godich then petitioned for review of the Board's award in the United States District Court for the Western District of Pennsylvania, pursuant to 45 U.S.C. § 153 First (q).[2] He challenged the Board's award on a number of grounds, including a claim that he has been denied his right to counsel during his hearing before the Board, in violation of 45 U.S.C. § 153 First (j).[3]

The Railway Labor Act limits judicial review of the Board's award. A court may overturn a Board award if the Board acted fraudulently or corruptly, or if the Board failed to comply with the requirements of the Act. 45 U.S.C. § 153 First (q).[4] The district court concluded that the Board had not exceeded its jurisdiction and that there was no evidence of fraud or corruption. However, because it felt that the record was not adequate to review Godich's claim that he had been denied the right to counsel, it remanded the case to the Board for further findings. *United Steelworkers of America, Local 1913 and/or Godich v. Union Railroad Co.,* No. 77–890 (W.D.Pa. April 14, 1978).

On remand the Public Law Board found that at the initial hearing before the Board

---

1. The National Railroad Adjustment Board (NRAB) was established pursuant to the Railway Labor Act of 1934, as amended, 45 U.S.C. §§ 151–188, to resolve disputes growing out of collective bargaining agreements. To expedite the resolution of these disputes, the Act permits the establishment of special boards of adjustment that can resolve disputes otherwise referable to the NRAB. Compliance with awards of these special boards is "enforcible . . . in the same manner and subject to the same provisions that apply to proceedings for enforcement of compliance with awards of the Adjustment Board." 45 U.S.C. § 153 Second. Public Law Board No. 1782 was established by agreement of the United Steelworkers of America, Local Union 1913 and the Union Railroad Company pursuant to the provisions of 45 U.S.C. § 153 Second.

2. 45 U.S.C. § 153 First (q) provides in pertinent part:

   If any employee or group of employees, or any carrier, is aggrieved by the failure of any division of the Adjustment Board to make an award in a dispute referred to it, or is aggrieved by any of the terms of an award or by the failure of the division to include certain terms in such award, then such employ-

ee or group of employees or carrier may file in any United States district court in which a petition under paragraph (p) could be filed, a petition for review of the division's order.

3. 45 U.S.C. § 153 First (j) provides:

   Parties may be heard either in person, by counsel, or by other representatives, as they may respectively elect, and the several divisions of the Adjustment Board shall give due notice of all hearings to the employee or employees and the carrier or carriers involved in any disputes submitted to them.

4. 45 U.S.C. § 153 First (q) provides in pertinent part:

   On such review, the findings and order of the division shall be conclusive on the parties, except that the order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this chapter, for failure of the order of the division's jurisdiction, or for fraud or corruption by a member of the division making the order. The judgment of the court shall be subject to review as provided in sections 1291 and 1254 of Title 28.

Godich had been represented by the Staff Representative of the United Steelworkers and that "at no time during the hearing did Godich ask to be represented by anyone other than [the Staff Representative]." *Union Railroad Co. v. Steelworkers of America, Local 1913,* Supp. to Award No. 1, Case No. 1 (Pub.Law Bd. 1782, May 22, 1978).

The district court, upon receipt of the Board's findings, concluded "that petitioner effectively waived his right to legal counsel" at his first Board hearing and dismissed the petition. *United Steelworkers Local 1913 and/or Godich v. Union Railroad Co.,* No. 77–890 (W.D.Pa. June 9, 1978).

█ Godich has requested this court to reverse the decision of the district court on a number of grounds, including a claim that the Public Law Board failed to notify him that it was convening to determine whether his right to counsel at the initial hearing had been denied. Godich asserts that the failure of the Board to notify him of the second hearing violated his rights of notice under the Railway Labor Act and the due process clause of the United States Constitution.[5] We hold that the plaintiff had a right to receive notice of the second Board hearing and that this right was violated. We will, therefore, reverse the determination of the district court that Godich waived his right to counsel at the initial hearing before the Board and remand for further proceedings. Because the remand of this question may resolve this appeal, we express no opinion on the other issues raised by the plaintiff.[6]

### III.

As we review Godich's claim that the Board reconvened without providing him notice of the hearing, we are reminded of the words of Justice Field in *Windsor v. McVeigh,* 93 U.S. (3 Otto) 274, 277, 23 L.Ed. 914 (1896). Justice Field explained that notice of a hearing and the right to participate in the hearing are at

> the foundation of all well-ordered systems of jurisprudence. [For] [w]henever one is assailed in his person or his property, there he may defend, for the liability and the right are inseparable. This is a principle of natural justice, recognized as such by the common intelligence and conscience of all nations.

Congress, in its enactment of the Railway Labor Act, provided a mechanism for the orderly resolution of disputes arising out of collective bargaining agreements involving the railway industry. *See, Elgin, J. & E. Ry. Co. v. Burley,* 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886 (1945), *aff'd on rehearing,* 327 U.S. 661, 66 S.Ct. 721, 90 L.Ed. 928 (1946). In drafting this legislation Congress took care to ensure that notice of hearings would be required and included among the provisions of the Act a requirement that:

> the Adjustment Board shall give due notice of all the employees . . . involved in any dispute submitted to them. 45 U.S.C. § 153 First (j).

Under this provision an employee, like Godich, who may be permanently terminated from his source of livelihood, must have notice of and the ability to participate in the hearing which will determine his future.[7]

█ The Public Law Board on remand from the district court failed to comply with the statutory mandate. Our review of

---

**5.** U.S. Constitution, Amend. V.

**6.** The plaintiff also challenges the initial award of the Board because he claims that there were a number of irregularities at the hearing. He asserts that the Board improperly considered evidence of prior work stoppages in which he allegedly participated; that a company service record was improperly introduced; and that he was denied his right to counsel. (This claim was the subject of the district court's remand.) He also asserts that the supplemental award written after the second hearing did not contain a sufficient explanation of the finding that Godich had waived his right to counsel. He further asserts that the district court erred by not considering newly discovered exculpatory evidence.

**7.** In view of the explicit statutory requirement, it is unnecessary to discuss Godich's constitutional claim.

the record indicates that the only information Godich or the counsel who represented him before the district court received, was a copy of a letter from the National Mediation Board to the Public Law Board authorizing it to reconvene to consider the remand order of the district court. This is not sufficient to comply with the Act's notice requirement. The petitioner must have notice of the date and time of the hearing and should be provided an opportunity to be heard in person, or by a representative, as required by 45·U.S.C. § 153 First (j).[8]

Union Railroad argues that:

Neither the Appellant nor his counsel ever requested an opportunity to appear before the reconvened Board. If in fact the Appellant was anxious to have additional counsel at the Board's second session, he could easily have made this request either to Judge Miller or the Board itself. This was not done. It would seem that Godich was satisfied to have the Staff Representative . . . continue to represent him as he had in the past.

We are not persuaded by this argument and remain convinced that the second hearing violated the Act. The notice requirement of the Act clearly indicates that Godich or his presently retained counsel should be given notice, and this was not done. In addition, it is apparent that a request to appear before the Board was probably not made because the appellant did not know when the hearing was to take place. Further, it would be improper for the Board to assume that Godich "was satisfied to have the Staff Representative . . . to continue to represent him," as Godich had retained different counsel for his petition to the district court. Godich simply must receive adequate notice.

We hold that the plaintiff's statutory right to notice has been violated. We will therefore reverse the district court's determination that plaintiff waived his right to counsel at his first hearing and remand to the district court so that the case may be remanded to the Board. The Board shall conduct a second hearing on the issue of

waiver of counsel and shall advise plaintiff and his counsel of the date and the time the hearing will be held.

---

**8.** See footnote 3, *supra,* for text of statute.