**Jack R. HENRY, Plaintiff-Appellant,**

v.

**DELTA AIR LINES,**
**Defendant-Appellee.**

No. 84–8447.

United States Court of Appeals,
Eleventh Circuit.

May 6, 1985.

W. Dennis Summers, Ezra B. Jones, III, Atlanta, Ga., for plaintiff-appellant.

Thomas Kassin, Legal Dept., Delta Air Lines, Inc., Robert S. Harkey, Leslie P. Klemperer, Atlanta, Ga., for defendant-appellee.

Before RONEY and HILL, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

In this Railway Labor Act (RLA) case, in which plaintiff Jack R. Henry alleged a cause of action for improper procedures in connection with his employment termination, defendant Delta Air Lines was granted summary judgment. On appeal, plaintiff claims the district court should have held that he did not have a full and fair hearing before the System Board of Adjustment (Board), and that his case should be remanded for a new hearing before the Board because: (1) one Board member was biased against him and guilty of "fraud and corruption" under the Act; (2) the Board improperly denied Henry's attorney access to his personnel file for use at the Board hearing; and (3) he was denied due process by the Board and the district court erred in not properly applying due process principles as an appropriate standard of review. We affirm for the reasons set forth by the district court in portions of its opinion quoted below.

Briefly, plaintiff Henry was a commercial airline pilot employed by Delta from 1957 to December 8, 1980, when he was terminated for numerous incidents of misconduct. Because of the nature of these incidents, Delta asked him to undergo psychological and psychiatric testing. Henry agreed after consulting with his union, the Airline Pilots Association (ALPA).

The first doctor Henry saw observed that he had problems dealing with authority and recommended psychotherapy. Four subsequent evaluations by doctors specializing in aviation psychiatry failed to agree on a diagnosis. Henry only provided Delta with the reports of the two doctors who stated that he had no psychiatric illness. Delta then returned plaintiff to active duty with a warning against future misbehavior. After the fifth incident of misconduct after being reinstated, however, he was fired.

Plaintiff sought ALPA's assistance after his discharge. ALPA's Contract Administrator, Robert H. Drew, outlined various options. Henry's termination was upheld at the first stage of the procedure.

Next Henry submitted his case before the System Board, an RLA-created entity, where Attorney James S. Berger was appointed to represent him. After carefully reviewing all his files, Berger decided to challenge Henry's termination on the ground that his overall record did not justify termination.

Berger kept Henry informed during the five days of System Board hearings. Henry stated he had confidence in the way his case was presented. He never requested a medical defense and Berger did not believe such a defense either necessary or appropriate.

The System Board upheld Henry's termination on May 20, 1984. Subsequently, he sought more medical help and was diagnosed as suffering from a Paranoid Personality Disorder, which had probably existed since 1955.

*Opinion of the District Court*
### IV. *Full and Fair Hearing*

■ "Henry asks this Court to vacate the award of the Systems Board and remand the case for another hearing. The scope of judicial review of cases arising under the RLA is 'among the narrowest known to the law.' *Diamond v. Terminal Railway Alabama State Docks,* 421 F.2d 228, 233 (5th Cir.1970). The findings of the Board are final and conclusive and subject to an extremely limited review by the fed-

eral courts. *Air Line Pilots Ass'n, Inter. v. Eastern Airlines, Inc.*, 632 F.2d 1321 (5th Cir.1980). A Board's order can be set aside only if the plaintiff can assert one of the three grounds set forth in 45 U.S.C. § 153(q). These grounds are the following:

1) Failure of the [Board] to comply with the requirements of [the Act]; or

2) Failure of the order to conform, or confine itself, to matters within the scope of the [Board's] jurisdiction; or

3) Fraud or corruption by a member of the [Board] making the order.

The Fifth Circuit has recently stated that 'an award must be enforced, without judicial review of the evidence, if it draws its essence from the collective bargaining agreement.' *Johns-Manville Sales v. Intern. Ass'n of Machinists*, 621 F.2d 756, 758 (5th Cir.1980). This Court's review of the Board's award will proceed applying these principles of limited review.

"Henry's first argument is that he was denied a full and fair hearing under Section 157 of the RLA because one of the Board's members, Mr. Rox, was biased against him. This argument overlaps with Henry's argument that the Board's award violated Section 153(q) of the Act because of fraud and corruption by a member of the Board.[4] Henry contends that Rox was biased against him because Rox had been involved with Henry's case since 1970. Mr. Rox was directly involved in Henry's termination and was the immediate superior to Mr. Smith, one of the other Board members. Henry argues that because of Rox's prior involvement with his case, Rox was biased against Henry even before the hearing commenced.

"Henry also claims that Rox's actions at the hearings denied him a full and fair hearing and that because of his conduct the Board's award should be vacated because of fraud and corruption. Henry claims that Rox dominated the proceedings 'with an adversarial attitude and personal disdain for [Henry], obviously influencing the other members of the Board....' Plaintiff's Brief at 15. Henry cites various statements made by Rox that Henry claims show Rox's hostile attitude. Rox referred to Henry's evidence as 'frivolous' and referred to Mr. Berger as 'rude and improper.' And, Mr. Rox asked Mr. Berger to refrain from making so many objections because such objections would increase the cost of making a transcript of the proceedings. Henry concludes that this Court should vacate the Board's award because of Mr. Rox's conduct and alleged biases.

"Henry's argument overlooks the important fact that the members of the Adjustment Board are not supposed to be neutral arbitrators. The Boards are made up of employer representatives and labor union representatives. 45 U.S.C. § 153. If there is a deadlock, there are provisions in the Act for the designation of a neutral person to act as a referee and break the deadlock. 45 U.S.C. § 153(c). Therefore, many courts have held that a plaintiff cannot challenge the Board's award on the grounds that one of the Board Members was a company executive who had previous dealings with the plaintiff. *See e.g., Farris v. Alaska Airlines, Inc.*, 113 F.Supp. 907, 910 (W.D. Wash.1953); *Arnold v. United Airlines, Inc.*, 296 F.2d 191 (7th Cir.1961). The Court in *Farris* stated the following:

It is true that the Board Members knew of the occurrences leading up to plaintiff's discharge before the formal hearing was conducted.... But Board Members are not jurors; the Board is bipartisan rather than impartial and disinterested; and foreknowledge, which plaintiff considers a ground for vitiating the proceeding, is actually a usual, if not necessary, attribute of an arbitration under the Railway Labor Act. *Farris* at 910.

"Applying these principles to the present case, this Court holds that it cannot vacate the Board's award merely because Mr. Rox was a Delta executive who had prior dealing with Henry. In addition, Henry has not shown that Mr. Rox's behavior during the proceedings was egregious enough to warrant a reversal by this Court of the Board's decision. The statements made by Mr. Rox clearly do not rise to the level of fraud or corruption nor do they

lead to the conclusion that Henry was denied a fair hearing within the meaning of the RLA.

"Henry also claims that the Board's award must be vacated because the Board refused to order Delta to turn over Henry's personnel file to Henry. Henry argues that this file contained substantial evidence of his odd behavior and that such evidence could have affected the Board's decision. This evidence consisted primarily of memos written by several Delta executives reflecting concerns as early as 1970 that Henry was exhibiting suspect behavior that could prove dangerous both to the airline and its passengers. And, Henry points to two letters in the file written by Delta passengers praising Henry and his job performance.

"Henry's argument must fail for several reasons. First, he nowhere indicates the source of his 'right' to see his personnel file. Secondly, and more importantly, Henry's argument does not fit into any of the three categories listed in 45 U.S.C. § 153(q). As noted earlier, this Court can only vacate an award based on a violation of one of these categories. Furthermore, this Court feels that the evidence contained in Henry's file could not have affected the Board's decision. Therefore, Henry's argument that the Board's award must be vacated before he was denied access to his personnel file must be rejected.

"Henry's last argument is that the System Board denied him due process of law by failing to recognize and consider his medical disorder. This argument is without merit because the Supreme Court has held that judicially created challenges to System Board's awards must fail. In *Union Pac. R.R. v. Sheehan,* 439 U.S. 89, 99 S.Ct. 399, 58 L.Ed.2d 354 (1978), the Court stated the following:

> The dispositive question is whether the party's objections to the Adjustment Board's decision fall within any of the three limited categories of review provided for in the Railway Labor Act. Section 153 First (q) unequivocally states that the 'findings and order of the [Board] shall be conclusive on the parties' and

may be set aside only for the three reasons specified therein. We have time and again emphasized that this statutory language means just what it says. *Id.* at 93, 99 S.Ct. at 402.

Therefore, *Sheehan* precludes judicially created due process challenges to System Board awards and Henry's argument based on due process concerns is without merit.

"In sum, this Court finds that Henry has not raised a material issue of fact as to the correctness of the Board's decision.... Accordingly, defendant Delta Airline's motion for summary judgment as to all issues is hereby GRANTED. 585 F.Supp. 376, 381–383.

4 The defendants argue that § 157 does not apply to the present case. Because this Court finds that Henry was not denied a fair hearing, this Court need not reach that difficult issue."

AFFIRMED.