INTERNATIONAL ASS'N OF MACHIN-
ISTS AND AEROSPACE
WORKERS, Plaintiff,

v.

VENEZOLANA INTERNACIONAL DE
AVIACION, S.A., etc., Defendant.

Nos. 87–454–CIV, 87–474–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Jan. 21, 1988.

Joseph P. Manners, Washington, D.C., George Tucker, Miami Lakes, Fla., for plaintiff.

Charles Robinson Fawsett, Miami, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER ADOPTING AND AFFIRMING MAGISTRATE'S RECOMMENDATION

SPELLMAN, District Judge.

THIS CAUSE comes before the Court upon Magistrate William C. Turnoff's recommendation regarding the Plaintiff's and Defendant's respective Motions for Summary Judgment. After a *de novo* review of the recommendation, any and all objections thereto, and the record, it appears that the Magistrate was correct in his decision.[1] In brief, VIASA's contention that the SBA exceeded its jurisdiction is patently spurious inasmuch as the CBA explicitly provides in Article XIX that jurisdiction lies for the SBA over disputes between any employee and the company "growing out of grievances *or out of implementation or application of any terms of this agreement."* (emphasis added). Certainly, a dispute over the implementation of the CBA provision giving the Company the right to discharge an employee for just cause comes within this description. Therefore, the SBA's determination was directly based upon the CBA and thus, was clearly within the arbitrator's jurisdiction.

Moreover, attempting to limit the SBA's jurisdiction to determining whether VIASA had any one of several specific illegitimate motives in discharging Nelson Martin rather than a general legitimate motive does not comport with considerations of logic, fairness, or economy. As VIASA admitted on several occasions during the arbitration, the two issues are essentially indistinguishable. This was how VIASA characterized and litigated the issue. It cannot now be heard to complain. Accordingly, it is hereby

ORDERED AND ADJUDGED that this Court ADOPTS AND AFFIRMS said recommendation *in toto* and that Plaintiff INTERNATIONAL ASS'N OF MACHINISTS' Motion for Summary Judgment is GRANTED[2] and Defendant VENEZOLANA INTERNACIONAL's Motion for Summary Judgment is DENIED. The Defendant is further ORDERED to reinstate Nelson Martin with full seniority rights and pay and benefits lost as a result of his discharge.

## APPENDIX

## REPORT AND RECOMMENDATION

Filed Oct. 21, 1987

WILLIAM C. TURNOFF, United States Magistrate.

This Cause is before the undersigned on the respective Motions for Summary Judgment filed by International Association of Machinists and Aerospace Workers (IAM) and VENEZOLANA INTERNATIONAL DE AVIACION (VIASA). Oral argument was held before the undersigned on October 8, 1987. The undersigned has carefully considered the entire court file, including the distinguished memoranda of law filed by the parties. The undersigned has also benefited by the equally distinguished oral argument.

IAM is a labor organization within the meaning of the Railway Labor Act (RLA), 45 U.S.C. § 151, and is the certified bargaining representative for employees of VIASA. VIASA is a common carrier by air engaged in foreign commerce as defined by the RLA, 45 U.S.C. § 151, et seq. and § 181 et seq. Nelson Martin was an employee of VIASA who was covered by the IAM–VIA-

---

1. This Court specifically adopts as its opinion the Report and Recommendation of William C. Turnoff, United States Magistrate, and does hereby attach it as an Appendix to this opinion.

2. Plaintiff shall submit a Final Judgment to the Court within 10 days of the date of this Order.

SA collective bargaining agreement (CBA). He was terminated from his employment in April of 1986, based on a claim by VIASA that he had perjured himself at a prior arbitration hearing involving another employee. Martin subsequently filed several grievances pertaining to his termination of employment. Thereafter, pursuant to the CBA, the grievances were submitted to a System Board of Adjustment (SBA), which consisted of a single arbitrator mutually selected by the parties. A hearing was held in October, 1986, and the arbitrator subsequently rendered an Opinion and Award reinstating Nelson Martin with full seniority rights and the pay and benefits he had lost as a result of his discharge. IAM filed the within complaint to enforce the award. VIASA thereafter filed a complaint to vacate the award. Both cases were consolidated for disposition. (See D.E. 20.)

The applicable legal principles are well-settled. Ordinarily, awards rendered pursuant to arbitration hearings are entitled to great deference by the courts. *United Steel Workers v. Enterprise Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). When collective bargaining agreements provide for settlement of disputes by arbitration, the Courts may not review the merits of the grievance. *Id.* This doctrine extends to awards rendered by an airline's SBA. *International Association of Machinists v. Central Airlines*, 372 U.S. 682, 83 S.Ct. 956, 10 L.Ed.2d 67 (1963).

Although an airline SBA award is generally final and binding, judicial review is not absolutely foreclosed. However, that review is "... among the narrowest known to the law" and a Court may not, under any circumstances, either substitute its judgment for that of the SBA or review the sufficiency of the evidence supporting that award. *Diamond v. Terminal Railway Alabama State Docks*, 421 F.2d 228 (5th Cir.1970). A Court may set aside an SBA award only where there is either (1) failure of the Board to comply with the Railway Labor Act, (2) fraud or corruption, or (3) failure of the order to conform or confine itself to matters within the Board's

jurisdiction. See, e.g., *Henry v. Delta Airlines*, 759 F.2d 870 (11th Cir.1985).

VIASA's primary claim is that the SBA exceeded its authority under the CBA by failing to confine itself to matters within its jurisdiction. Thus, VIASA must establish that the SBA award is undisputably without foundation in reason or fact and wholly baseless and completely without reason. *Brotherhood of Railroad Trainmen v. Central of Georgia Ry. Co.*, 415 F.2d 403 (5th Cir.1969); *cert. den.*, 396 U.S. 1008, 90 S.Ct. 564, 24 L.Ed.2d 500. In making that determination, the Court must refer to the language and purpose of the CBA. The Court's function "... is limited solely to determining whether the arbitration decision draws its essence from the collective bargaining agreement." *Brotherhood of Ry., etc. v. Kansas City Terminal*, 587 F.2d 903 (8th Cir.1978), *cert. den.* 441 U.S. 907, 99 S.Ct. 1997, 60 L.Ed.2d 376 (1979). In making this determination, the CBA must be broadly construed with all doubts resolved in favor of the SBA's authority. *Lackawanna Leather Co. v. United Food and Commercial Workers*, 706 F.2d 228 (8th Cir.1983). The Court, under no circumstances, may review the merits of the award, or overturn the award because it believes that the arbitrator erred as a matter of fact or law, or substitute its judgment for that of the SBA. *Gunther v. San Diego & Arizona E.R. Co.*, 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965); *Bro. of Locomotive v. Atchison, Topeka & Santa Fe*, 768 F.2d 914 (7th Cir.1985). Decisions of the SBA which touch upon the issues in question serve as a bar to judicial review. *Ozark Airlines, Inc. v. Air Line Pilots*, 744 F.2d 1347 (8th Cir.1984), *cert. den.*, 474 U.S. 903, 106 S.Ct. 232, 88 L.Ed. 2d 231 (1985).

Article XIX of the within CBA provides that the SBA shall have jurisdiction over disputes between any employee and the company "... growing out of grievances or out of implementation or application of any terms of this agreement" and also provides that decisions of the SBA "... shall be final and binding upon the parties thereto." In Article XXXII VIASA

maintains the right to discharge for cause. However, there is no further language in the CBA which purports to define that which constitutes "cause." It would therefore appear that the parties to the CBA specifically contracted to have the SBA determine that which constituted "cause" within the meaning of the CBA. See, e.g., *Amoco Oil Company v. Oil, Chem. & Atomic Wkrs., etc.*, 548 F.2d 1288 (7th Cir. 1977), *cert. den.*, 431 U.S. 905, 97 S.Ct. 1697, 52 L.Ed.2d 389 (1977).

VIASA argues that the SBA did not decide the "just cause" issue regarding Nelson Martin, but instead decided whether Martin committed perjury, an issue which VIASA alleges was not reflected in the submissions of the parties. However, an examination of both the arbitration transcript and the Award clearly demonstrate that the arbitrator did in fact decide the "just cause" issue. (See, e.g., SBA Transcript Page 26; Award, Page 1). Concomitantly, VIASA's allegation that the SBA acted *ultra vires* by deciding the issue of perjury is undercut by the fact that it was VIASA's own attorney at the arbitration who characterized the reason for Martin's discharge as perjury. (SBA Transcript, Page 10, 12, 19; see also, VIASA Post Hearing Brief, Page 2.) Finally, VIASA's argument that the submissions of the parties did not give the SBA authority to decide the within issues is without merit. The scope of an arbitration is determined by several factors, including correspondence and arguments during arbitration. See e.g., *Lodge 2167, Intern. Ass'n of Machinists v. LeRoi Div.*, 574 F.Supp. 380 (S.D.Ohio 1982) and cases cited therein. An examination of the within record, including, *inter alia*, the opening statements before the SBA, correspondence, and post hearing briefs demonstrate that the SBA acted within the scope of the within arbitration.

By way of summary, the undersigned concludes that the SBA's Award was within his jurisdiction. IAM and VIASA had agreed in the CBA that the SBA would determine discharges for "cause" in a final and binding manner. The parties left to the discretion of the SBA that which would constitute "cause." Thus, the award drew its "essence" from the CBA. Moreover, VIASA's argument that the SBA decided issues not submitted to it is without merit. The issue decided by the SBA, "cause" for discharge based upon Martin's putative perjury, was based upon VIASA's own characterization of the reason for Martin's discharge at the arbitration hearing.

Consequently, it is the RECOMMENDATION of the undersigned that IAM's Motion for Summary Judgment be GRANTED, and that VIASA's Motion for Summary Judgment be DENIED.

Respectfully Recommended, in Chambers, at Miami, Florida, this 20 day of October 1987.