**Clarence R. HAYES,**
**Plaintiff–Appellant,**

v.

**WESTERN WEIGHING AND**
**INSPECTION BUREAU,**
**Defendant–Appellee.**

**No. 87–1428**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 11, 1988.

Clarence R. Hayes, pro se.

Chris R. Miltenberger, Worsham, Forsythe Sampels & Woodridge, Dallas, Tex., for defendant-appellee.

Before POLITZ, JOHNSON and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Invoking Fed.R.Civ.P. 12(b)(6) and 45 U.S.C. § 153, First (q), the district court dismissed the complaint of Clarence R. Hayes for judicial review of a decision by a division of the National Railway Adjustment Board (NRAB). Such a dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80, 84 (1957). Not being so persuaded, we vacate and remand.

In the present posture of the proceedings, we take as true the allegations of the pleadings, *Palmer v. City of San Antonio, Texas*, 810 F.2d 514 (5th Cir.1987), holding Hayes's *pro se* complaint to "a less stringent standard than formal pleadings drafted by lawyers." *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir.1983) (*quoting Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654 (1972)).

Hayes alleges that he worked as an agent for Western Weighing and Inspection Bureau (WWIB) until his job was abolished. Hayes, with 26 years seniority, asked his union, the Brotherhood of Railway and Airline Clerks (BRAC), to challenge the abolition of his job as violative of their collective bargaining agreement with WWIB. After a long delay BRAC declined his request, advising that he could represent himself before the NRAB if he chose to do so.

Hayes accepted BRAC's advice and filed a complaint with the NRAB, claiming that his dismissal violated the collective bargaining agreement between his union and WWIB, and that WWIB had improperly docked his pay and had improperly transferred some of his work records. Nearly

two years passed before the NRAB acted by summarily rejecting Hayes's petition. Hayes then filed the instant complaint, contending that a WWIB Labor Relations Director was a member of the NRAB division panel which rejected his petition, as was a representative of BRAC. Hayes alleged that the BRAC member had prejudged his claim and was motivated to act in a manner designed to enhance the union's defense to a suit Hayes had filed. He further alleged that the Labor Relations Director had perpetrated a fraud by lying and misrepresenting facts.

■ The district court dismissed Hayes's complaint for failing to satisfy the stringent requirements of 45 U.S.C. § 153, First (q). Under that section, findings and orders of the NRAB, acting through its divisions, are conclusive unless: (1) inconsistent with the provisions of the Railway Labor Act, 45 U.S.C. §§ 151–163; (2) beyond the jurisdiction of the NRAB; or (3) the product of fraud or corruption by a member of the division making the decision. We have recognized a fourth ground for judicial review of a decision by the NRAB—denial of due process. *Hornsby v. Dobard,* 291 F.2d 483 (5th Cir.1961). Subsequent decisions have cabined the reach of the due process challenge. *See Del Casal v. Eastern Airlines, Inc.,* 634 F.2d 295 (5th Cir.1981); *Henry v. Delta Airlines,* 759 F.2d 870 (11th Cir. 1985). We are not persuaded that Hayes's complaint that the management member favored management, and that the union's representative favored his principal alleges a due process violation, for members of the Railway Adjustment Board are not expected to be neutral. *Henry,* 759 F.2d at 872.

■ Hayes alleges more, however. He contends that the WWIB member lied and misrepresented facts to the Board. Specifically, he alleges that WWIB's labor relations director, while a member of the division making the order, misrepresented facts about the reason for the delay in the processing of Hayes's complaint, knowingly gave false statistical information about the volume of work in Galveston, and falsely informed the Board that Hayes was performing work transferred to Galveston from Houston. The level of work at Galveston was a principal reason assigned for the abolition of Hayes's job. Those allegations come within the ambit of that section of 45 U.S.C. § 153, First (q) providing for judicial review of an NRAB order which is the product of fraud or corruption by a member of the division making the order.

We express no opinion on the merits of Hayes's complaint. That remains for the district court after a proper presentation of the evidence. We here rule only that it was error to dismiss Hayes's complaint for failure to state a claim upon which relief could be granted. That threshold decision may not properly be made on the record now before us.

For these reasons, the judgment of the district court is VACATED and the matter is REMANDED for further proceedings consistent herewith.