Donald STEWARD, David Schriner, George Dickman, Donny Griffin, William Atwater, Richard Dunn, David McKennan, Petitioners,

v.

AIRTRAN AIRWAYS, INC., National Pilot's Association, Mann/Dalland, et al., William Mann, Wayne Dalland, Edward Marino, Dennis Cirrotti, James Weir, Gary Shepard, Charles Musick, Charles Gay and David Hewson, Respondents.

No. 01–7728–CIV.

United States District Court, S.D. Florida.

Aug. 15, 2002.

David Jonathan McKennan, Cooper City, FL, for petitioners.

Barry Rodney Davidson, Hunton & Williams, Myles J. Tralins, Tralins & Associates, Miami, FL, for respondents.

### OMNIBUS ORDER

DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss Amended Petition [DE 35–1] and for Final Summary Judgment [DE 35–2], Plaintiffs' Motion to Drop S. Ali Sadr as a defendant [DE 39], Plaintiffs' Cross Motion for Summary Judgment [DE 51], Plaintiffs' Motion to File Sur–Reply [DE 58] regarding Defendant's Motion to Dismiss, Plaintiffs' Motion to Strike Affidavits [DE 65 and 71], Defendants' Motion to Dismiss pursuant to Rule 21 [DE 74–1] or for Final Summary Judgment [DE 74–2], Defendant Cirrotti's Motions to Dismiss [DE 75 and 81], and Plaintiffs' Cross Motion to Reinstate Air-Tran as a Defendant [DE 78–2] or to Amend Petition to Add AirTran [DE 78–3]. The Court has carefully considered the motions and is otherwise fully advised in the premises.

1310

## I. BACKGROUND

This case involves a dispute regarding AirTran Airways' pilot seniority list. Plaintiffs in this action seek review of an arbitration proceeding brought by the Mann and Dalland et al, defendants in this case. The arbitrator ruled in favor of the Mann/Dalland Defendants, and boosted their seniority over the group of Plaintiffs. Plaintiffs were not party to that arbitration proceeding, though their union[1] and employer were parties. Plaintiff David McKennan, a non-practicing attorney who is both plaintiff and plaintiffs' counsel in this case, found out about the hearing a few days before, attended the hearing, and at a minimum presented his objection to the arbitrator. Plaintiff Donny Griffin testified at the hearing on behalf of the employer, AirTran. The other four Plaintiffs did not receive notice of the hearing and did not attend. After all the testimony, the arbitrator went into a closed room with counsel for the Mann/Dalland group and a company vice-president to arbitrate the matter.

The arbitration hearing was not proceeded by a Railway Labor Act System Adjustment Board hearing as described in 45 U.S.C. § 184. Defendants refused to participate in such hearing scheduled by the National Pilot's Association ("NPA" or "Union") because they believed that a separate federal court settlement in the Eastern District of Virginia of a separate grievance brought by Donald Warzocha regarding the AirTran seniority list and the merged Valuejet pilots mandated that the Mann/Dalland grievances be decided by arbitration. See Composite Exhibit 11 to Plaintiffs' Cross–Motion for Final Sum-

mary Judgment at DE 52. The NPA agreed under threat of litigation to proceed directly to arbitration.

On November 14, 2000, the arbitrator ruled in favor of the Mann/Dalland Defendants, interpreting the AirTran Collective Bargaining Agreement ("CBA") to reach back and incorporate a 1991 agreement between a corporate predecessor and certain pilots (including Plaintiffs and Defendants). The Opinion and Award had the effect of moving back the seniority date for Defendants, which when combined with the older age of Defendants versus Plaintiffs, has led to Defendants vaulting over Plaintiffs on the current AirTran seniority list. The list controls work schedules, equipment placement and other work conditions.

On November 13, 2001, Plaintiffs filed a petition to review the arbitrator's decision under the Railway Labor Act. On December 13, 2001, an Amended Petition was filed. The parties then filed cross-motions for final summary judgment, as well as other motions to strike affidavits or to dismiss the complaint pursuant to Rule 21.

## II. DISCUSSION

Taking first Defendants' motion to dismiss or for final summary judgment, Defendants argue that Plaintiffs' petition is time-barred under the Federal Arbitration Act, that Plaintiffs' have failed to state a claim under 45 U.S.C. § 159 for impeaching an arbitration award under the Railway Labor Act, and that venue in the Southern District of Florida is improper. Plaintiffs, meanwhile, argue that the arbitrator did not confine himself to matters

---

1. National Pilot's Association, though named as a party in the arbitration, did not represent Plaintiffs or Defendants at the arbitration hearing, and took no position on the grievance.

within his jurisdiction, namely interpreting the CBA, and that inadequate notice was given to them in violation of 45 U.S.C. § 153 First (j).[2]

## A. Jurisdiction, Venue and Statute of Limitations

■ The Court first decides the issues affecting its jurisdiction. This cases arises out of a dispute regarding a grievance concerning seniority and work conditions that result from changes to seniority. Such dispute is governed by Section 3.A.5 and 6 of the parties' CBA. See Exhibit 9 to Plaintiffs' Cross–Motion for Final Summary Judgment at DE 52. Under the Railway Labor Act ("RLA"), such dispute is considered by the courts as a "minor dispute" and is thus governed by 45 U.S.C. § 184. *Whitaker v. American Airlines,* 285 F.3d 940, 943–44 (11th Cir.2002); *Delta Air Lines v. Air Line Pilots Association,* 238 F.3d 1300, 1307 n. 17 (11th Cir. 2001). "A minor dispute relates to the meaning or proper application of a particular provision of a collective bargaining agreement. It is concerned with 'specific maladjustments of a detailed or individual quality.' A minor dispute is past-directed: it seeks the recognition of rights claimed to have vested or accrued." *Reed v. National Air Lines, Inc.,* 524 F.2d 456, 459 (5th Cir.1975).[3]

Having concluded that the underlying dispute is a "minor dispute" governed by

45 U.S.C. § 184, the right to review such an order can be found in 45 U.S.C. § 153 First (p) and (q). Subsection (q) allows a non-party employee aggrieved by an award to file an action to review the award in United States District Court. The statute of limitations for such action is two years. Section 153 First (r). Venue may be had "in the District Court of the United States for the district in which he resides...." Section 153 First (p).

■ Defendants argue that the statute of limitations for review of an arbitration award is 90 days as set by the Federal Arbitration Act. 9 U.S.C. § 12. However, the cases cited in support of a strict 90 day deadline are not RLA disputes. Given the two-year statute of limitations specifically governing RLA disputes, the Court concludes that the limitation period of two years as stated in Section 153 First (r) applies to the instant petition. See *Edwards v. United Parcel Service, Inc.,* 16 Fed.Appx. 333, 338, 2001 WL 777414, 6 (6th Cir.2001) (unpublished opinion) ("two-year statute of limitations is applicable to petitions challenging Board decisions in the airline industry.")

■ Defendants also argue that this case is governed by 45 U.S.C. § 159 regarding arbitration awards. However, as noted above in the Background Section, Defendants successfully avoided adjustment board review, a prerequisite under the AirTran CBA before arbitration may

---

2. The Court need not address Plaintiffs' procedural due process claim under the United States Constitution. Such claims are difficult to maintain in this Circuit. See *Henry v. Delta Air Lines,* 759 F.2d 870, 873 (11th Cir. 1985), citing *Union Pacific R.R. v. Sheehan,* 439 U.S. 89, 99 S.Ct. 399, 58 L.Ed.2d 354 (1978). But see *Hall v. Eastern Air Lines,* 511 F.2d 663, 664 (5th Cir.1975).

3. The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. *Bonner v. Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

be had. Defendants' argument is that a District Court in Virginia had approved a settlement agreement of a separate seniority grievance which included the provision that the grievances of Destination Sun Airline ("DSA") pilots "will be arbitrated in separate proceedings, if necessary, and any decision rendered ...will be implemented subsequent" to the Virginia action arbitration. The settlement provision did not supercede the provision of the RLA and the AirTran CBA regarding submission to an adjustment board.

██ Even without this interpretation of the Virginia action, the provisions in Section 159 are not applicable here because the arbitration award in this case was never filed with a District Court, as required by subsection "First." Thus, the review provisions of subsection "Third" do not apply in this case.[4]

██ Finally, with regard to venue, Section 153 First (q) relies on the venue provisions of subsection First (p), which allows filing an action in the district where the petitioner resides. Thus, the Court concludes that it has proper jurisdiction to hear the petition for review, that the review provisions of Section 153 First (q) govern, that the petition was timely filed, and that venue is proper in the Southern District of Florida.

### B. Standard of Review

██ Though this Court has jurisdiction to review the arbitrator's award, the standard of review is "exceedingly narrow." *Loveless v. Eastern Air Lines,* 681 F.2d 1272, 1275 (11th Cir.1982). Section

153 First (q) sets the review for this Court as limited to: 1) failure of the order to comply with the requirements of the Railway Labor Act; 2) for failure of the order to conform or confine itself to matters within the scope of the division's jurisdiction; or 3) for fraud or corruption by a member of the division making the order. This standard, however, does not review the "substance of a labor arbitration award for ordinary error" and a court should not vacate an award because a judge would have reached a different result. *Loveless,* 681 F.2d at 1276.

### C. Merits of Decision

██ Plaintiffs argue that the arbitrator erred by relying on agreements outside the Collective Bargaining Agreement between the NPA and AirTran which governs seniority. The CBA states that "the seniority of a pilot will begin to accrue from the date the pilot is first placed on Company payroll in a training status." See Section 3.A.6 of Exhibit 9 to Plaintiffs' Cross–Motion for Final Summary Judgment at DE 52. The arbitrator awarded Defendants credit back to a December 20, 1993 training class based upon a 1991 agreement between the President of DSA and a group of pilots including Plaintiffs and Defendants. Plaintiffs contend that arbitrator's new seniority list reflected the stock purchase dates of the DSA pilots, rather than any payroll status, and thus was outside the terms of the governing CBA. Plaintiffs argue that the arbitrator's conclusion shows that he was creating new contractual terms at odds with the CBA, while expressly relying on the intent of Guy Lindley, former head of DSA, a non-

---

4. The Court notes that the review provisions of Section 159 are substantially similar to the review provisions of Section 153(q).

party to the CBA, in interpreting the 1991 DSA Agreement, rather than the intent of the parties to the AirTran CBA. Plaintiffs further note that at least two airline mergers between 1993 and 1998 had not used the 1991 DSA agreement in determining seniority.

Under the limited review allowed by the Court, on the merits of the conclusion reached by the arbitrator, though the Court might have reached a different conclusion, this Court cannot say that arbitrator's ruling was beyond the "essence" of the terms of the CBA. See *Loveless*, 681 F.2d at 1279, *citing United Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 578, 80 S.Ct. 1347, 1350, 4 L.Ed.2d 1409 (1960). Rather, based upon the evidence presented to the arbitrator, an interpretation to reach back to the 1991 DSA agreement, though not within the literal terms of the CBA, could be within the "essence" of the terms of the CBA.

### D. Notice Issues under the RLA

Plaintiffs' further argue that their due process was violated due to lack of notice and participation by Plaintiffs in the arbitration hearing that led to an award that aggrieves their own seniority rights. Plaintiffs further argue that Defendants' counsel may have misled the arbitrator into believing that Defendants' counsel represented both Plaintiffs and Defendants to this action in the arbitration, due to Defendants' counsel's cover letter to his statement of facts stating that he represented 18 of the former DSA pilots, a number which includes both Plaintiffs and Defendants.

Plaintiffs' notice argument raises threshold issues of what notice is due and to whom is notice due. The RLA merely states that "Parties may be heard either in person, by counsel, or by other representatives, as they may respectively elect, and the several divisions of the Adjustment Board shall give due notice of all hearings to the employee or employees and the carrier or carriers involved in any disputes submitted to them." 45 U.S.C. § 153 First (j). As to the issue of who should receive notice, the Fifth Circuit Court of Appeals held in 1982 that:

> this court has long interpreted section 3 of the Railway Labor Act as requiring notice to any party likely to be harmed or substantially affected by the result of the hearing. In *Estes v. Union Terminal Co.*, 89 F.2d 768 (5th Cir.1937), we specifically held that the Adjustment Board should have given an employee the opportunity to appear before it reached a decision ousting him from his position. We reasoned that any displaced employee is materially affected by, and therefore involved in, such a determination:
>
>> Section 3 is rendered somewhat ambiguous by the use of the word "involved" instead of a more comprehensive term. But in justice and fairness, every person who may be adversely affected by an order entered by the Board should be given reasonable notice of the hearing.

*Brotherhood of Ry., Airline, and S.S. Clerks, Freight Handlers, Express & Station Emp. v. St. Louis Southwestern Ry. Co.*, 676 F.2d 132, 135–36 (5th Cir.1982), citing *Estes v. Union Terminal Co.*, 89 F.2d 768, 770 (5th Cir.1937).[5] *Accord, Brotherhood of Maintenance of Way Employees v. St. Johnsbury & Lamoille*

---

5. The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on

*County Railroad/M.P.S. Associates, Inc.,* 794 F.2d 816, 818 (2nd Cir.1986) ("we agree with those courts which have held that the only carriers who are 'involved' are those who would be harmed or adversely affected by the outcome of the hearing."). However, "the aggrieved party still bears the ordinary responsibility, however, for preserving the error of which it complains by bringing the defect to the Board's attention during the hearing" (unless there was no notification at all). *Brotherhood of Ry., Airline, and S.S. Clerks,* 676 F.2d at 136.

 In the case at bar, the Plaintiffs were adversely affected by the outcome of the arbitration hearing. Their seniority rights, which affect job placement, scheduling and other work conditions were at issue. In addition, Plaintiffs raised the issue of notice at the hearing. Thus, the Court concludes that Plaintiffs were entitled to notice.

 Turning next to what notice was due, the Third Circuit has held that one "must have notice of the date and time of the hearing and should be provided an opportunity to be heard in person, or by a representative, as required by 45 U.S.C. § 153 First (j)." *United Steelworkers of America Local 1913 v. Union R. Co.,* 597

F.2d 40, 43 (3rd Cir.1979). The Sixth Circuit has held that "the 'due notice' requirement of § 153 First (j) is satisfied if an employee is given formal notice of the proceedings or if the employee has authorized his union to process his grievance and he also has actual notice of the proceedings." *Meeks v. Illinois Central Gulf R.R.,* 738 F.2d 748, 750 (6th Cir.1984) [6] (noting Seventh Circuit agrees except that when authorized union representative has notice employee need not receive actual notice).[7] The Ninth Circuit has also agreed with the Sixth Circuit, concluding that "when an employee elects to be represented by the union at an Adjustment Board proceeding he must receive actual notice of the proceeding, and such notice must be received in sufficient time to allow the employee to consult with the union representative and to relay any information which may help the union present his claim." *English v. Burlington Northern R. Co.,* 18 F.3d 741, 745 (9th Cir.1994).

The instant case presents unusual facts which lead this Court to question whether due notice under the RLA was received. First, the union in this case was not representing anyone. Defendants had retained their own counsel. The company, AirTran, was represented at the hearing by a vice-president. In addition, Plaintiffs had pre-

---

that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. *Bonner v. Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

6. "Actual notice for this purpose is notice of the hearing for a sufficient period prior thereto to permit the employee to consult with union officials and relay such information as he possesses which might allow the union to more effectively present his claim." *Cole v. Erie Lackawanna Ry. Co.,* 541 F.2d 528, 534 (6th Cir.1976).

7. The United States Supreme Court has stated that: "[W]e did not undertake to define what was meant by 'due notice,' nor do we now. 'Due notice' conceivably could be given or had in a variety of forms, more especially when account is taken of the generally informal procedure of the Board. It would require at the least, we think, knowledge on the aggrieved employee's part of the pendency of the proceedings or knowledge of such facts as would be sufficient to put him on notice of their pendency." *Elgin, J. & E. Ry. Co. v. Burley,* 327 U.S. 661, 667, n. 9, 66 S.Ct. 721, 724, n. 9, 90 L.Ed. 928 (1946).

viously filed their own grievance objecting to Defendants' grievance, and Plaintiff sought from the union advance notice of the date, time and location of any hearing.

■ Defendants argue, through the affidavits of William Mann and Dennis Cirrotti, that a notice of the date, time and place of the November 6, 2000 arbitration hearing was posted on the Union's official notification board outside the pilot's mail room at AirTran's corporate headquarters shortly after the date was scheduled. See Affidavit of William Mann, ¶ 5, Exhibit 2 to Defendants' Response to Plaintiff's Cross-motion for Summary Judgment [DE 57].[8] Mann's affidavit also states that Plaintiff McKennan was present at the hearing and was allowed to present his argument. In addition, Plaintiff Griffin testified as a witness for the company, opposing the grievance. Plaintiff McKennan has submitted his declaration, which states that he only found out about the hearing a few days before, and attended the hearing only on his own behalf. He states that Defendants' counsel objected to his presence, and he was not allowed to testify or cross-examine witnesses.

While the facts may be in dispute regarding Plaintiff McKennan's partic-

ipation, Defendants have not raised an issue of fact that Plaintiffs Shriner, Dickman, Atwater and Dunn[9] did not receive actual notice. Each of these four Plaintiffs submitted affidavits that they had no notice at all of the hearing, and did not authorize anyone to represent them at the hearing. Instead, the Defendants rely on the mere posting of a notice in a glass case in the hallway near the pilot's mail room. While such posting may be sufficient to place unaffected members of the pilot's union on notice (an issue the Court does not decide here), where in this case specifically identified employees are directly affected by changes in a seniority list and did not receive actual notice, the posting of the notice does not satisfy the RLA requirement of "due notice." The Court bases its decisions on the cases from the Third (*United Steelworkers*), Sixth(*Meeks*), Seventh and Ninth (*English*) Circuits cited above on page nine.[10]

### E. Motion to Dismiss Under Rule 21

■ Finally, the Court must address Defendants' motion to dismiss the case pursuant to Rule 21, which allows the Court to drop or add parties on such terms

8. Plaintiffs have moved to strike the affidavits of William Mann and Dennis Cirrotti as unsworn allegations. The Court disagrees and denies the motion. 28 U.S.C. § 1746 allows unsworn declarations which if signed and dated and subscribed under the penalty of perjury. Both the Mann and Cirrotti "affidavits" qualify under this section.

9. Defendant Mann's affidavit states that it is his "belief" that these four plaintiffs also knew of the hearing but did not attend because Plaintiff McKennan was representing them and Plaintiff Griffin was testifying for the company. See Exhibit 2 to Defendants' Response to Plaintiffs' Cross Motion for Summary Judgment. Such "belief" does not cre-

ate an issue of fact as it is not competent evidence.

10. The Court notes that the limited participation by Plaintiffs McKennan and Griffin did not cure the prejudice created by the lack of notice. There is no transcript of the hearing to resolve the apparent factual conflict as to the extent of Plaintiff McKennan's participation. The Opinion and Award of the arbitrator does not reflect such participation, other than the testimony of Plaintiff Griffin on behalf of AirTran. Moreover, the Court is unaware of any binding case law that notice can be waived under the facts of this case (i.e., union not taking position on grievance).

as are just. Defendants argue that since the Plaintiffs have settled with the Union and AirTran, there is no further relief that can be granted to Plaintiffs *against the Mann/Dalland Defendants*. See settlements at DE 49 and DE 64. Defendants contend that Plaintiffs whole claim is essentially a claim against the Union for breach of fair duty of representation in not notifying them of the arbitration proceeding. Plaintiffs oppose the motion and also move to reinstate the Union and AirTran as necessary parties. Plaintiffs also point out that Rule 21 expressly states that misjoinder of parties is not a ground for dismissal of an action.

This Court agrees with Plaintiff. The plain words of Rule 21 would preclude the relief sought by Defendants in the instant motion. The Court further notes that the Plaintiffs' settlements with the Union and AirTran simply state that the Union and AirTran will comply with the decision of the Court, and if necessary, reschedule the arbitration hearing. Dismissal of the action based upon the settlements would be an unjust action.

## III. CONCLUSION

As stated above, the Court concludes that Plaintiffs should have received actual notice of the date, time, and place of the arbitration hearing, with sufficient advance time to prepare for the hearing. Such notice is required by the RLA and was not provided in this case. The limited participation at the hearing by Plaintiffs McKennan and Griffin did not cure the prejudice that the lack of notice visited upon all Plaintiffs. Thus, for this reason only, the Court remands the Mann/Dalland grievance back to arbitration as described below.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Amended Petition [DE 35–1] is hereby **DENIED**;

2. Defendants' Motion for Final Summary Judgment [DE 35–2] is hereby **DENIED**;

3. Plaintiffs' Motion to Drop S. Ali Sadr as a defendant [DE 39] is hereby **GRANTED**. S. Ali Sadr is dropped as a defendant in this case, as Plaintiffs have certain discretion to choose who to include as a defendant;

4. Plaintiffs' Cross Motion for Summary Judgment [DE 51] is hereby **GRANTED in part** on the issue of lack of due notice under the Railway Labor Act and **DENIED** in all other respects;

5. The Arbitrator's decision is therefore **VACATED** on the grounds of lack of due notice under the Railway Labor Act;

6. Plaintiffs' Motion to File Sur–Reply [DE 58] regarding Defendant's Motion to Dismiss is hereby **DENIED**;

7. Plaintiffs' Motions to Strike Affidavits of Mann and Cirrotti [DE 65 and 71] are hereby **DENIED**;

8. Defendants' Motion to Dismiss pursuant to Rule 21 [DE 74–1] or for Final Summary Judgment [DE 74–2] are hereby **DENIED**;

9. Defendant Cirrotti's Motions to Dismiss [DE 75 and 81] are hereby **DENIED**. Though Cirrotti retired May 17, 2002, he remains affected by the seniority arbitration and could seek reinstatement.

10. Plaintiffs' Cross Motion to Reinstate AirTran as a Defendant [DE

78–2] or to Amend Petition to Add AirTran [DE 78–3] is hereby **DENIED as moot**;

11. This case is hereby **REMANDED** to the System Adjustment Board for minor disputes of AirTran Airways employees, or failing resolution by such Board, the dispute is remanded back to arbitration, with all Plaintiffs and all Defendants to receive actual notice of the date, time and location of the hearing with a reasonable amount of time to prepare for such hearing, and to receive copies of all pre-hearing submissions to the Board or the arbitrator prior to the hearing;

12. The Clerk may close this case, and deny as moot any motions not ruled upon herein.