[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13741
Non-Argument Calendar

_____

D. C. Docket No. 03-02037-CV-T-17MAP

PAUL CONRAD PARSONS,

Plaintiff-Appellant,

versus

CONTINENTAL AIRLINES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 24, 2007)**

Before ANDERSON, DUBINA  and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Paul Conrad Parsons, proceeding *pro se*, appeals the grant of

summary judgment in favor of Continental Airlines ("Continental"), in his action

brought pursuant to 45 U.S.C. § 153(q), the Railway Labor Act ("RLA"). Parsons asked the district court to set aside or vacate the System Board of Adjustment's ("the Board")[1] award in favor of Continental, upholding his termination. Parsons was a pilot for Continental Airlines. He was terminated after an investigation into his buddy pass[2] use revealed abuses which resulted in a total of over $10,000 of fraudulently obtained travel. After his termination, Parsons contacted Continental and (1) stated that he had been suffering from alcoholism, and (2) reimbursed the company for the losses that it had suffered as a result of the buddy pass violations. Parsons then appealed his termination, eventually going in front of the Board. The Board found that Continental's termination of Parsons had been reasonable, and his chemical dependency did not relieve him from having to accept responsibility for his actions.

On appeal, Parsons argues that the investigation of his buddy pass abuse was a ruse because he was cognitively impaired during the investigation due to "prescribed medication." He asserts that the Board members appointed by Continental were guilty of self-dealing. Parsons states specifically that Captain

---

[1] The Board was created under the RLA, and performs the same function of settling labor disputes for the airlines as the National Railroad Adjustment Board ("NRAB") does for the railroads. *See* 45 U.S.C. § 184.

[2] Buddy passes are coupons for reduced-rate, space-available domestic air travel given to employees, which may be given away.

2

Abbot and Captain Turbough, who were members of the Board during the arbitration ruling, initially terminated him, and because of this previous bias, they controlled the arbitration process so that Parsons's termination would not be overturned.

We review a district court's grant of summary judgment *de novo*, viewing the evidence in favor of the non-moving party. *Fisher v. State Mut. Ins. Co.*, 290 F.3d 1256, 1259-60 (11th Cir. 2002). "The provisions of the Railway Labor Act dealing with the Adjustment Board are to be considered as 'compulsory arbitration in this limited field.'" *Diamond v. Terminal Ry. Alabama State Docks*, 421 F.2d 228, 232-33 (5th Cir. 1970). The review of the arbitration order of the Board is exceedingly narrow, *see Loveless v. Eastern Air Lines, Inc.*, 681 F.2d 1272, 1275 (11th Cir. 1982), and the Board's order may be vacated or set aside only under the three limited grounds set forth in § 153(q): "(1) [the f]ailure of the [Board] to comply with the requirements of [the Act]; or (2) [the f]ailure of the order to conform, or confine itself, to matters within the scope of the [Board's] jurisdiction; or (3) [f]raud or corruption by a member of the [Board] making the order, *Henry v. Delta Air Lines*, 759 F.2d 870, 872 (11th Cir. 1985).

Under § 153, the arbitration board is composed of employer representatives and labor union representatives. *Id.* A neutral party is designated if there is a need

to break a deadlock. *See id.* (citing to 45 U.S.C. § 153(c)). In consequence, "a plaintiff cannot challenge the Board's award on the grounds that one of the Board Members was a company executive who had previous dealings with the plaintiff." *Id.*

Because Parsons's allegations, that: (1) Continental's investigation leading to his termination was flawed; and (2) the Board members appointed by Continental had previous knowledge of, and involvement in, his termination, failed to establish that the Board engaged in corruption or fraud during the arbitration proceedings, we conclude that the district court could not set aside or vacate the arbitration award under § 153(q). Accordingly, there was no error.

Additionally, Parsons argues that Continental withheld documents, in violation of a court order compelling their production, and therefore, concealed facts that would have led to his exoneration of the buddy pass fraud allegations.

Because the district court's review is so narrow under § 153(q), we conclude from the record that it did not abuse its discretion by refusing to compel Continental to turn over the requested employment records in discovery. Accordingly, we affirm the grant of summary judgment in favor of Continental.

**AFFIRMED.**