The NATIONAL BANK OF DAVIS, Petitioner,

v.

OFFICE OF the COMPTROLLER OF the CURRENCY and C.T. Conover, Comptroller of the Currency, Respondents.

No. 83–1194.

United States Court of Appeals, District of Columbia Circuit.

Jan. 4, 1984.

J. Paul McGrath, Asst. Atty. Gen., U.S. Dept. of Justice, Ronald R. Glancz, L. Robert Griffin and Howard N. Cayne, Washington, D.C., Counsel, Office of the Comptroller of the Currency, were on the motion to dismiss, for respondents.

C. Westbrook Murphy, Lee H. Simowitz and Elizabeth R. Moore, Washington, D.C., were on the response, for petitioner.

Before TAMM and GINSBURG, Circuit Judges, and MacKINNON, Senior Circuit Judge.

## ON MOTION TO DISMISS

### ORDER

PER CURIAM.

Upon consideration of respondents' motion to dismiss the petition for review filed herein as untimely, petitioner's opposition to said motion, and respondents' reply thereto, and for the reasons set forth in the attached opinion for the Court, it is

ORDERED, by the Court, that the aforesaid motion to dismiss is granted and the Clerk is directed to note the docket to reflect that this case is dismissed.

Opinion PER CURIAM.

PER CURIAM:

On the motion of the Office of the Comptroller of the Currency (Comptroller), we dismiss the petition for review filed by the National Bank of Davis (Davis) as untimely.

The Comptroller's cease and desist order against Davis issued November 8, 1982, and was served on counsel for Davis the following day. Pursuant to 12 U.S.C. § 1818(h)(2) (1982), Davis had thirty days, until December 9, 1982, to petition for review. Davis filed nothing at all during that thirty-day period. The cease and desist order therefore became final, fully effective, and no longer amenable to judicial review on December 10, 1982.[1]

One month later, on January 10, 1983, Davis filed with the Comptroller a motion for reconsideration or modification of the November 8, 1982, order. On January 20, 1983, the Comptroller denied the motion, in relevant part, on procedural grounds.[2] By petition for review filed February 18, 1983, Davis invites us to review in full, along with the January 20, 1983, order denying its motion for reconsideration, the underlying November 8, 1982, cease and desist order.

Even if it were open to us to review the January 20, 1983, order,[3] we could find no abuse of discretion in the Comptroller's denial of the motion on the ground stated. The principal target of Davis' petition, however, is the cease and desist order itself. Davis would have us treat a reconsideration application, which the statute does not require the Comptroller to entertain,[4] moreover, one filed weeks after the period to petition for judicial review had expired,[5] as a device to turn back the clock, rendering the final November 8, 1982, order no longer final, and opening on February 18, 1983, a door to review Congress ordered closed on December 10, 1982.

1. The thirty-day limitation is "jurisdictional" and may not be enlarged by the court. Fed.R. App.P. 26(b); e.g., Natural Resources Defense Council v. NRC, 666 F.2d 595, 602 (D.C.Cir. 1981); see also Browder v. Director, Ill. Dep't of Corrections, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978).

2. To the extent that Davis sought reconsideration based on alleged changed circumstances, the motion was denied on the ground that the application presented a supervisory, not an adjudicative, question, and should have been presented first to the Regional Administrator. The Comptroller reserved decision on the question whether the Garn-St. Germain Depository Institutions Act of 1982, Pub.L. No. 97–320, 96 Stat. 1469 (1982), necessitated, as Davis alleged, reconsideration of two of the November 8, 1982, order's eleven articles. Our dismissal of Davis' petition will enable the Comptroller to resolve the Garn-St. Germain issue held in abeyance pending this court's disposition of the case.

3. But cf., e.g., Kennecott Copper Corp. v. FTC, 542 F.2d 801, 803–04 (10th Cir.1976) (court has no jurisdiction to review FTC refusal to reopen administratively final order).

4. The statute states only that "[u]nless a petition for review is timely filed in a court of appeals ..., the issuing agency may ... modify, terminate, or set aside [a cease and desist] order." 12 U.S.C. § 1818(h)(1).

5. Cf. Outland v. CAB, 284 F.2d 224 (D.C.Cir. 1960) (motion for reconsideration in fact filed with agency within statutory appeal period).

■ The prolix argument Davis tenders purports to draw upon "numerous" decisions of this and other courts. Opposition to Motion to Dismiss at 13; Reply Brief for Petitioner at 33. From these decisions Davis gleans that a motion for administrative reconsideration, which Congress did not order the agency to entertain, which the agency dismissed in relevant part on procedural grounds, and which the petitioner filed over sixty days after the agency acted, effectively extends, retroactively, the thirty-day period Congress specified for judicial review petitions. No authority Davis cites genuinely supports such a contention.[6] Precedent binding upon us and sensibly rejecting attempts to circumvent unalterable time limitations is to the contrary.[7]

Davis pleads that we stop the agency from "terminat[ing] all right to judicial review simply by denying a motion to reconsider." Opposition to Motion to Dismiss at 14. Judicial review of the cease and desist order, however, was not stopped by any action on the part of the Comptroller. It was stopped simply and solely by Davis' own inaction, its failure to invoke our appellate jurisdiction, or even to seek agency reconsideration, within the thirty-day time frame Congress mandated.

The Comptroller's motion to dismiss Davis' untimely petition for review, for the reasons stated, is granted.

---

**6.** The problem of agency regulation that does not become ripe for judicial consideration within a thirty-day review period, *see Investment Co. Inst. v. Board of Governors of the Fed. Reserve Sys.*, 551 F.2d 1270, 1280–81 (D.C.Cir. 1977), is not present here. Nor is this a case in which the agency in question entertained and decided a reconsideration motion on the merits. *See Montship Lines, Ltd. v. Federal Maritime Bd.*, 295 F.2d 147, 151 (D.C.Cir.1961); *cf. National Insulation Transp. Comm. v. ICC*, 683 F.2d 533, 543 n. 17 (D.C.Cir.1982) (agency reopened its decision and considered issues closely interrelated with the ones raised by petition for review). Our district court, in *First Nat'l Bank of Scotia v. United States*, 530 F.Supp. 162 (D.D.C.1982), *aff'd mem.*, No. 82–1291 (D.C.Cir. Aug. 17, 1982), contrary to Davis' contention, expressly declined to address the question of court of appeals review authority. *See id.* at 169 n. 6. We further note with stern disapproval Davis' violation of the Second Circuit's admonition and our Local Rule 8(f) against citing unpublished orders as precedent.

**7.** *E.g., Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977); *Natural Resources Defense Council v. NRC*, 666 F.2d 595, 601–02 (D.C.Cir.1981).