Thomas J. JONES, Plaintiff-Appellant,

v.

**SEABOARD SYSTEM RAILROAD,**
**Defendant-Appellee.**

No. 85–5286.

United States Court of Appeals,
Sixth Circuit.

Submitted Jan. 20, 1986.
Decided Feb. 13, 1986.

---

Herbert L. Segal, Segal, Isenberg, Sales, Stewart and Cutler, Louisville, Ky., for plaintiff-appellant.

James L. Kerr, William A. Blodgett, Jr., Woodward, Hobson & Fulton, Louisville, Ky., for defendant-appellee.

Before CONTIE and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

CONTIE, Circuit Judge.

Thomas J. Jones appeals from the district court judgment dismissing his complaint by which Jones sought to compel the National Railroad Adjustment Board to reconsider one of its previous decisions. The Board had upheld as appropriate action Jones' dismissal from the employment of Louisville & Nashville Railroad Company, the predecessor of the present appellee, Seaboard System Railroad.

## I.

Thomas Jones began employment with the railroad in 1969 and was employed continuously until the occurrence at issue. On December 6, 1975, Jones was arrested and charged with possessing and selling twenty-one pounds of marijuana to an undercover police officer on that date. On November 17, 1976, Jones was suspended from employment for "conduct unbecoming an employee" and the railroad held an investigation on November 24, 1976. On December 6, 1976, Jones was convicted in Indiana state court of possessing and selling marijuana. Subsequently, in a letter dated December 15, 1976, the railroad notified Jones that he was dismissed from the company's service and instructed Jones to refer to the investigation of November 24 "in which [he was] charged with selling twenty-one pounds of marijuana to a police officer and delivery of the same."

The union representing Jones challenged his dismissal and, after unsuccessfully pursuing the remedies through the employer, sought review by the National Railroad Adjustment Board (NRAB) in 1977. It was the union's position that Jones' dismissal was unjust in that it was based on off-duty conduct. Later in 1977, the Floyd Circuit Court in Indiana set aside Jones' conviction because of trial errors. On August 15, 1979, the NRAB denied Jones' claim, thereby upholding his dismissal. Award No. 8050. The NRAB stated that it "has long held that conduct off the Carrier's property while off duty can be grounds for discipline."

On January 27, 1983, the state court dismissed all charges against Jones. Following entry of that judgment, Jones sought reinstatement of his employment with Seaboard. On August 4, 1983, Seaboard denied his request. Jones then notified the NRAB by letter dated September 27, 1983 that he intended to request to have his case reopened and reconsidered. Jones formally made this request on October 27, 1983. In letters dated October 27, 1983 and November 16, 1983, the NRAB notified Jones that all awards are final and binding and, accordingly, it declined to reconsider its prior decision upholding Jones' discharge.

On January 1, 1984, Jones filed a complaint against Seaboard and the NRAB pursuant to 45 U.S.C. § 153 First (q) and 28 U.S.C. § 1331.[1] Jones asserted that the NRAB "arbitrarily refused to exercise its jurisdiction, abused its discretion, acted in excess of its lawful authority, and deprived [him] of rights secured under the constitutional laws of the United States in refusing to reopen and reconsider its erroneous decision of August 15, 1979." As relief, Jones requested entry of an order compelling the NRAB to reopen and reconsider its 1979 decision and reinstatement of his employment. The defendants moved to dismiss the complaint and Jones moved for summary judgment. On May 6, 1985, the district court granted the defendants' motion and dismissed the complaint. Jones filed a

---

1. Section 153 First (q) provides jurisdiction in the appropriate district courts for review of decisions of the NRAB. The provision states in pertinent part:

The court shall have jurisdiction to affirm the order of the division or to set it aside, in whole or in part, or it may remand the proceeding to the division for such further action as it may direct. On such review, the findings and order of the division shall be conclusive on the parties, except that the order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order.

timely appeal from this judgment on April 2, 1985.

During the pendency of this appeal, the NRAB moved to dismiss it from the action and moved to withdraw its brief. A panel of this court granted the motions on November 7, 1985, finding that the NRAB is "not a proper body to a lawsuit; it is an adjudicative body and has no interest in the outcome of this litigation." Accordingly, Seaboard is now the sole appellee.

## II.

■ We must determine whether the district court erred in dismissing Jones' complaint, thereby refusing to compel the NRAB to reopen and reconsider its 1979 decision. Judicial review of an award by the NRAB has been described as "among the narrowest known to the law." *Diamond v. Terminal Railway Alabama State Docks*, 421 F.2d 228, 233 (5th Cir. 1970). The Railway Labor Act (Act) expressly provides that awards of the NRAB "shall be final and binding upon both parties to the dispute." 45 U.S.C. § 153 First (m). The Supreme Court has recognized that judicial review of these "final and binding" awards is limited to three specific grounds: "(1) failure of the Adjustment Board to comply with the requirements of the Railway Labor Act; (2) failure of the Adjustment Board to conform, or confine, itself to matters within the scope of its jurisdiction; and (3) fraud or corruption. 45 U.S.C. § 153 First (q)." *Union Pacific Railroad Co. v. Sheehan*, 439 U.S. 89, 93, 99 S.Ct. 399, 402, 58 L.Ed.2d 354 (1978).[2] If an appellant cannot satisfy any of these three grounds, review cannot be granted. *Andrews v. Louisville & Nashville Railroad Co.*, 406 U.S. 320, 325, 92 S.Ct. 1562, 1565, 32 L.Ed.2d 95 (1972) ("A party who has litigated an issue before the Adjustment Board on the merits ... is limited to

the judicial review of the Board's proceedings that the Act itself provides."). Our Circuit recently applied this narrow standard of review in *Jones v. St. Louis-San Francisco Railway Co.*, 728 F.2d 257, 261 (6th Cir.1984). This standard of review is narrower even than the highly deferential "abuse of discretion" standard. *Brotherhood of Locomotive Engineers v. Atchison, Topeka and Santa Fe Railway Co.*, 768 F.2d 914, 921 (7th Cir.1985). It also appears that the "arbitrary and capricious" standard usually applicable in reviewing decisions of administrative agencies is inapplicable to decisions of the NRAB. The Administrative Procedure Act exempts from its coverage "agencies composed of representatives of the parties or of representatives of organizations of the parties to the disputes determined by them." 5 U.S.C. § 551(1)(E). The NRAB is such an agency, as indicated by 45 U.S.C. § 153 First (a), which states that the "Adjustment Board shall consist of thirty-four members, seventeen of whom shall be selected by the carriers and seventeen by such labor organizations of the employees, national in scope, as have been or may be organized in accordance with the provisions of section 152 of the title." *See also, Andrews*, 406 U.S. at 335, 92 S.Ct. at 1570 (Douglas, J., dissenting) ("The Board is exempt from the Administrative Procedure Act."); *Woodrum v. Southern Railway Co.*, 750 F.2d 876, 881 (11th Cir.), *cert. denied*, — U.S. —, 106 S.Ct. 71, 88 L.Ed.2d 58 (1985) (observing that a Senate committee in 1966 considered but rejected a proposal allowing review of awards under the "arbitrary and capricious" standard).

■ The Act also provides a statutory limitations period for appeals from NRAB awards. The Act provides that "[a]ll actions at law based upon the provisions of this section shall be begun within two

---

**2.** In *Sheehan,* the Supreme Court reversed the Tenth Circuit's holding that denial of due process was an additional basis for judicial review. The district court in the present case correctly relied on *Sheehan* in holding that Jones' allegations of due process violations did not provide a legitimate ground for review. Jones has wisely

abandoned his due process argument and now asserts other grounds to support judicial review. Even though Jones primarily relied on due process allegations in the district court, he had stated other grounds in his complaint and he may now properly assert those grounds.

years from the time the cause of action accrues under the award of the division of the Adjustment Board, and not after." 45 U.S.C. § 153 First (r). Failure to comply with this provision bars review and "[n]o circumstances whatsoever exist for extension of the limitations period." *Gatlin v. Missouri Pacific Railroad Co.*, 631 F.2d 551, 555 (8th Cir.1980).

Jones argues that the NRAB is empowered to reopen and reconsider its 1979 decision and that it must be compelled to do so in this case. Jones asserts that review is appropriate under the first and second statutory grounds, arguing that the NRAB failed to "comply with the requirements of the Railway Labor Act" and failed to "conform, or confine, itself to matters within ... its jurisdiction." 45 U.S.C. § 153 First (q). In support of these allegations, Jones makes several arguments. He claims that the NRAB based its decision on the assumption that his initial conviction was valid and, when the conviction was vacated and the charges were dropped, the NRAB was required pursuant to 45 U.S.C. § 153 First (m) to "interpret" its award in light of the changed circumstances. The failure to "interpret," Jones argues, constituted a failure to conform to matters within the NRAB's jurisdiction. Jones further argues that the NRAB exceeded its jurisdiction because its award was "without foundation in reason or fact." This argument is also premised on the assertion that the NRAB based its decision on Jones' criminal conviction. Since the conviction was subsequently vacated and the charges were dismissed, Jones claims that the award is now unfounded.

■ We find that Jones' action is time barred and accordingly we need not address his other arguments. Jones' cause of action accrued on August 15, 1979, the date the NRAB issued its award. *Gatlin*, 631 F.2d at 554. Jones had two years from that date to file this action unless he filed a motion to reconsider within the two-year period, thereby tolling the time limitation. *See, Brotherhood of Locomotive Engineers v. ICC*, 761 F.2d 714, 721 (D.C.Cir.

1985) (filing motion for reconsideration within statutory period for review of administrative agency decision tolls the time limitation until the agency decides on the motion). Jones did not file his motion for reconsideration with the NRAB, however, until October 27, 1983, more than two years after the limitations period had expired. Accordingly, his motion could not toll the time limitation.

We further find that Jones cannot make his action timely by asserting that the action did not accrue until the motion for reconsideration was denied on October 27, 1983. *See, National Bank of Davis v. Office of Comptroller*, 725 F.2d 1390, 1392 (D.C.Cir.1984) (per curiam) (petition for review untimely where no action was taken during thirty day statutory limitations period, a motion to reconsider was filed after the period expired, and a petition for review was filed within thirty days after denial of the motion to reconsider). A decision otherwise would enable parties to NRAB awards to circumvent the limitations period merely by filing a motion for reconsideration and then seeking review of a denial of the motion within two years of the denial. We cannot condone subversion of the Act's express policy that awards of the NRAB be "final and binding." 45 U.S.C. § 153 First (m).

■ Lastly, this court's jurisdiction cannot be invoked by arguing that the action did not accrue until January 27, 1983, when all criminal charges pending against Jones were dismissed. Although statutory time limits on review may be "excused" under exceptional circumstances when an issue is not ripe for review during the limitations period, *Eagle-Picher Industries, Inc. v. EPA*, 759 F.2d 905, 912·(D.C.Cir.1985), this is not such an exceptional circumstance. Even though the charges against Jones were dropped after the limitations period had expired, Jones' conviction had been set aside before the NRAB issued its initial award. Accordingly, we cannot conclude that the NRAB had premised its decision on the conviction. In fact, the arguments

before the NRAB and the NRAB's decision focused on whether Jones could be discharged for off-duty conduct. Also, the fact that the charges against Jones were dismissed does not necessarily constitute an exceptional change in circumstances. Jones had consistently admitted that he had sold marijuana, which was the basis of his discharge. That underlying fact was not altered as a result of the dismissed charges. The dismissal merely meant that he would not be prosecuted for selling marijuana. In addition, the matter was ripe for review during the limitations period since Jones' conviction was vacated prior to the NRAB's decision and Jones was not prosecuted at any time during the limitations period. Jones therefore could have raised the same argument, that the NRAB based its decision on a conviction which was set aside, that he now raises as a ground for review, either in a motion for reconsideration or in an action for judicial review filed within the limitations period.[3]

In conclusion, we find that Jones' action is time barred since it was filed after the expiration of the two-year limitations period and there are not sufficient exceptional circumstances to "excuse" the time limitation.[4] Accordingly, the judgment of the district court is AFFIRMED.

**3.** This conclusion is consistent with the *caveat* in *Eagle-Picher* that petitioners generally are obliged to seek judicial review of the ripeness of claims during the statutory limitations period. 759 F.2d at 914 ("[I]f there is *any* doubt about the ripeness of a claim, petitioners must bring their challenge in a timely fashion or risk being barred.").

**4.** Even if we found that the circumstances are sufficient to excuse the limitations period, we would affirm the judgment of the district court. Jones correctly asserts that an award exceeds the jurisdiction of the NRAB, and therefore qualifies under the second statutory ground for review, if it is unfounded in reason or fact. *See, International Association of Machinists v. Southern Pacific Transportation Co.,* 626 F.2d 715, 717 (9th Cir.1980); *Brotherhood of Railroad Trainmen v. Central of Georgia Railway Co.,* 415 F.2d 403, 411 (5th Cir.1969), *cert. denied,* 396 U.S. 1008, 90 S.Ct. 564, 24 L.Ed.2d 500 (1970). However, the NRAB's decision in this case was

founded in fact. Jones admitted that he had sold twenty-one pounds of marijuana and it is that conduct on which his discharge was based. Seaboard had conducted an investigation *independent* of his criminal trial regarding Jones' conduct. This investigation provided sufficient foundation in fact to support his discharge and the NRAB's subsequent award. Since the award had foundation in fact it was issued within the NRAB's jurisdiction and accordingly we could not assert jurisdiction over Jones' action for review. "A court not having jurisdiction of the subject matter does not have jurisdiction to remand the case to an administrative tribunal believed to have such jurisdiction. The only thing that court can do with such a case is to dismiss it." *Woodrum v. Southern Railway Co.,* 750 F.2d 876, 884 (11th Cir.), *cert. denied,* — U.S.——, 106 S.Ct. 71, 88 L.Ed.2d 58 (1985). Jones' other arguments also fail to convince us that, even if we excused the time limitation, we could assert jurisdiction under any of the three narrow statutory grounds for review.