Larry W. BRICE, Plaintiff,

v.

NORFOLK SOUTHERN RAILWAY COMPANY, Defendant;

James E. COLLINS, Plaintiff,

v.

NORFOLK SOUTHERN RAILWAY COMPANY, Defendant.

Nos. 3:93–cv–0209, 3:93–cv–0210.

United States District Court, E.D. Tennessee, Northern Division, at Knoxville.

Sept. 30, 1994.

J. Anthony Farmer and Garry W. Ferraris, Farmer & Bergwerk, Knoxville, TN, for plaintiffs.

William T. Magill, O'Connor, Petty, Child & Boswell, Knoxville, TN, and Roger A. Petersen and Mark D. Perreault, Norfolk Southern Ry. Co., Norfolk, VA, for defendant.

### MEMORANDUM OPINION

JORDAN, District Judge.

After the court consolidated these civil actions, the defendant moved for summary judgment [doc. 9 in no. 3:93–cv–0209 [1]; supporting brief, doc. 10]. The plaintiffs responded [doc. 13; supporting brief, doc. 14], and the parties then filed a stipulation of facts and documents [doc. 16]. The defendant filed a reply brief [doc. 18], and the parties filed a set of stipulated documents [doc. 19]. The parties being in agreement concerning the stipulated facts and documents, at the scheduling conference, the court did not set the actions for trial, but instead for a hearing on the motion for summary judgment. Having considered the motion and the plaintiffs' opposition to it, and having heard the arguments of counsel, the court is now prepared to rule on the motion.

Each of the plaintiffs was an employee of the defendant Norfolk Southern. Their conditions of employment were governed by a collective bargaining agreement (CBA) between Norfolk Southern and their bargaining agent, the Brotherhood Railway Carmen Division, Transportation Communications International Union (BRC).

One pertinent provision of this CBA prohibited removal of an employee from service or other discipline (including discharge) except for just and sufficient cause after a preliminary hearing. Another provided, "No charge shall be made involving any matter of which the carrier officers involved have had knowledge for more than thirty (30) days." A third provision stated, "If after investigation, it is found that the employee has been unjustly dismissed or suspended, he shall be reinstated with all rights unimpaired and made whole for any loss incurred."

Each of the plaintiffs was disciplined for conduct unbecoming an employee and for making conflicting statements concerning certain matters which occurred in February 1990. In each case, the discipline imposed was dismissal, and the employee pursued his available procedural remedies, consisting of a formal investigation, followed by an appeal to Public Law Board No. 5015. This board is a system, group, or regional board constituted under 45 U.S.C. § 153 Second, part of the Railway Labor Act as codified.

In each plaintiff's case, Public Law Board No. 5015 considered the record, conducted a hearing, and "examined the transcript of the investigation and [found] that it was not procedurally flawed so as to require modification of the discipline." In each case, the board found adequate evidence to support the charge against the employee, but found the sanction of dismissal excessive. In each case, the board modified the discipline imposed to a suspension equal to the time out of service.

This amounted in each case to reinstatement of the employee but without any award of back pay. (In each case, the board's award included this provision: "In computing entitlements for benefits such as vacations, Health and Welfare, etc. for the balance of 1992 and future years Claimant shall be treated as having worked full time during the period of suspension and credited with qualifying days and qualifying years for this pur-

---

**1.** As a result of the consolidation of these civil actions, all of the documents referred to by the court in this memorandum opinion were filed in civil action no. 3:93–cv–0209 only.

pose.") The lapse of time between the imposition of discipline and the board's order is significant in each plaintiff's case: between September 1990 and June 1992.

Having failed, therefore, to win reinstatement "with all rights unimpaired and [with being] made whole for any loss incurred," each plaintiff appealed to this district court, in accordance with 45 U.S.C. § 153 First (q). There is no controversy in these consolidated civil actions concerning the plaintiffs' compliance with applicable procedural requirements, including the timely commencement of these civil actions, and exhaustion of their administrative remedies. It is clear and undisputed that the court has jurisdiction of the subject matter of these actions.

The scope of this court's review of Public Law Board No. 5015's rulings is limited by 45 U.S.C. § 153 First (q), which provides in part,

> The court shall have jurisdiction to affirm the order of the [board] or to set it aside, in whole or in part, or it may remand the proceeding to the [board] for such further action as it may direct. On such review, the findings and order of the [board] shall be conclusive on the parties, except that the order of the [board] may be set aside, in whole or in part, or remanded to the [board], for failure of the [board] to comply with the requirements of [the Railway Labor Act], for failure of the order to conform, or confine itself, to matters within the scope of the [board's] jurisdiction, or for fraud or corruption by a member of the [board] making the order.

In these cases, the plaintiffs do not allege any fraud or corruption. They argue that the board failed to comply with the requirements of the Railway Labor Act, and that it failed to confine itself to matters within the scope of its jurisdiction, by not finding that an officer of Norfolk Southern knew of each plaintiff's conflicting statements more than 30 days before the plaintiffs were charged, and by ordering reinstatement without awarding back pay.

Affidavit evidence submitted by Norfolk Southern in support of its motion for summary judgment establishes that the rulings made by Public Law Board No. 5015 were not unusual for Railway Labor Act arbitral awards, and that Norfolk Southern litigated before the board the issue of when it acquired knowledge of the conduct on which the charges against the plaintiffs were based. While the plaintiffs submitted affidavit evidence in opposition to the motion for summary judgment to show that an officer of the defendant carrier, Mr. Siglar, acting as a hearing officer, heard more than 30 days before charges were brought the plaintiffs' second statements concerning the matters which occurred in February 1990, and that Mr. Siglar then knew of the plaintiffs' prior inconsistent statements, given in February 1990, concerning these matters, Norfolk Southern successfully argued before Public Law Board No. 5015 that another of its officers, Mr. Nelson, was the "involved" officer for this purpose, and that Mr. Nelson could not be deemed to have known of the plaintiffs' conduct, i.e., making inconsistent statements, until he had had an opportunity to review the transcripts of the plaintiffs' second statements. It is uncontroverted that Mr. Nelson's review of these transcripts occurred less than 30 days before the defendant carrier brought charges against the plaintiffs.

The evidence submitted by Norfolk Southern in support of its motion for summary judgment shows arbitral authority in the industry for distinguishing between officers of the carrier for the purpose of determining when the time for bringing a disciplinary charge against an employee begins to run. This evidence also shows arbitral authority in the industry for an arbitral board's authority to mitigate a dismissal by ordering reinstatement without back pay.

■ Many judicial opinions remark on the narrowness of judicial review of decisions of the National Railroad Adjustment Board and of system, group, or regional boards such as Public Law Board No. 5015. *See, e.g., Jones v. Seaboard System Railroad,* 783 F.2d 639 (6th Cir.1986), and authorities cited therein. Review is limited by the three statutory grounds quoted above. *Meeks v. Illinois Central Gulf Railroad,* 738 F.2d 748, 749–50 (6th Cir.1984).

■ With respect to the contention that the board erred in sustaining charges brought by Norfolk Southern more than 30 days after an officer of the carrier knew of the conduct on which the charges were based, it is uncontroverted that the carrier addressed precisely this issue before the board. The statement in each award made in these plaintiffs' cases, that the board found the investigation not procedurally flawed, is a finding on this point. Simply characterizing this finding as not in compliance with the Railway Labor Act or as beyond the board's jurisdiction does not authorize this court to address the issue *de novo,* or authorize the court to make any finding of fact in these cases.

■ Because the board's determinations that Mr. Siglar, acting as a hearing officer, was not an involved officer of the carrier, to use the term used in the applicable CBA, and that an involved officer of the carrier, Mr. Nelson, did not know of the charged conduct until after he had had an opportunity to read the transcripts of the plaintiffs' second statements, are founded in reason and fact (regardless of whether this court, sitting in the place of the board, would make similar determinations), the court cannot say that the board's awards exceeded its jurisdiction on this point. *See Jones v. Seaboard System Railroad, supra,* 783 F.2d at 644 n. 4. The plaintiffs' reliance on *Meeks v. Illinois Central Gulf Railroad, supra,* is misplaced. In that case, the court of appeals ordered that the National Railroad Adjustment Board's award be set aside because it was uncontroverted that the employee had not received personal notice of the hearing of his case before the board, which is required by the law of this circuit. The board's arbitration of the case in the absence of such notice was therefore plainly a failure to comply with the requirements of the Railway Labor Act as it is construed in this circuit. There is no such simple, plain error in this case.

■ As for the contention that the language of the CBA required the board in these plaintiffs' cases, upon converting their dismissals to suspensions, to award the plaintiffs back pay[2]—a contention which, in light of the language of the CBA, can also be phrased in jurisdictional terms—, the board's awards in these cases were based on a permissible reading of the CBA. These arbitral awards can be interpreted to mean that the board did not find that the plaintiff employees had been dismissed unjustly, in the sense of there not having been grounds for discipline, but only that the discipline imposed was too severe. The CBA clearly contemplates forms of discipline other than discharge, since it refers to removal from service or discipline including discharge, and refers to unjust dismissal *or suspension.* It cannot reasonably be argued that the board ruled that the plaintiffs had been unjustly suspended.

■ Public Law Board No. 5015 having interpreted the CBA in some reasonable manner on this point, the court is not free to decide whether the interpretation was the "right" one.

> As we have said too many times to want to repeat again, the question for decision by a federal court asked to set aside an arbitration award ... is not whether the arbitrator or arbitrators erred in interpreting the contract; it is not whether they clearly erred in interpreting the contract; it is not whether they grossly erred in interpreting the contract; it is whether they interpreted the contract. If they did, their interpretation is conclusive.

*Hill v. Norfolk and Western Railway Company,* 814 F.2d 1192, 1195 (7th Cir.1987) (citations omitted) (*per* Posner, Circuit Judge).

For the reasons stated, the court finds the carrier's motion for summary judgment well taken, and will accordingly grant it, and dismiss these consolidated civil actions.

---

2. This argument was made but not reached in *Meeks v. Illinois Central Gulf Railroad, supra,* because the court of appeals held the notice issue dispositive in that case. Counsel for the parties concede that there is no Sixth Circuit authority which is directly on point concerning this issue.