106 F.3d 402
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED TRANSPORTATION UNION, Plaintiff-Appellee,
v.
GRAND TRUNK WESTERN RAILROAD COMPANY, Defendant-Appellant.
 No. 95-3752.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1996.
 
 On Appeal from the United States District Court for the Northern District of Ohio, No. 94-07425; James G. Carr, Judge.
 N.D.Ohio
 REVERSED.
 Before: MERRITT, COLE, Circuit Judges; and DUGGAN, District Judge.[1]
 PER CURIAM.
 
 
 1
 Defendant-Appellant Grand Trunk Western Railroad Company appeals a decision of the district court awarding compensation to two of its employees pursuant to claims filed by their union, United Transportation Union, under the Railway Labor Act, 45 U.S.C. § 151 et seq., and their collective bargaining agreement. For the reasons that follow, we REVERSE and REMAND.
 
 I.
 
 2
 United Transportation Union ("Union") filed claims with the National Railroad Adjustment Board ("NRAB") on behalf of two union employees of Grand Trunk Western Railway Company ("Grand Trunk") for the months of September, October and November 1987. The claims were for compensation under what is known as "2700 mile guarantees."[2] The claims apparently did not include any specific amount of money; they simply claimed compensation under the guarantee. Upon review of the claims, Grand Trunk paid each employee $3000, relying it appears on its unilateral computation of the amount it believed was necessary to compensate the employees at the "guarantee" level. Grand Trunk did not contest the claims, which it could have done by filing a denial. Unsatisfied with the amount of the payment, the Union pursued the claims before the NRAB. The NRAB sustained the claims without consideration of the merits on the ground that Grand Trunk failed to file a denial of the claims within the time limits set forth in the NRAB's rules. The NRAB's award made no finding as to the amount owed; it simply provided as follows: "Claim sustained."
 
 
 3
 The Union thereafter requested an interpretation of the award from the NRAB for the "specific amount due to each employee." Misconstruing the Union's request for an interpretation of the award as a request for enforcement, the Board rejected the request, stating that it has jurisdiction to interpret an award only when a party alleges that the original order was unclear or ambiguous. Because, in its view, no such allegation was made by the Union, the NRAB concluded simply that only the district court can enforce awards. Having no viable alternative, the Union then filed a petition in district court to enforce the NRAB's award. In response, Grand Trunk conceded that it owed the employees an unspecified amount of money under the 2700 mile guarantees, denied the allegation that it failed to comply with the NRAB order and argued further that because the order does not contain a monetary award it could not be enforced. Both parties filed motions for summary judgment. The district court, in granting the Union's motion, determined that the NRAB's decision should be upheld given Grand Trunk's admission of liability. The district court also found that the award was sufficiently clear and refused to remand the matter to the NRAB.
 
 
 4
 Because the district court failed to make any finding as to, or issue an order for the payment of, any specific dollar amount due the two employees by Grand Trunk, the Union filed a motion requesting that the district court supplement its Memorandum and Order with a computation that the two employees were owed the sum of $18,470, well in excess of the $6,000 sum previously paid by Grand Trunk. Grand Trunk continued to argue that it had satisfied the two claims in full when it paid the $6,000 to the two employees. Obviously in disagreement with this position, the Union filed a motion requesting the district court to supplement its initial order to reflect that Grand Trunk owed the employees the sum of $18,470.43. On June 9, 1995, the district court issued a second Memorandum and Order, granting the Union's motion and ordering Grand Trunk to pay the sum of $18,470.43. Grand Trunk appeals this decision.
 
 II.
 
 5
 Generally, the questions before this court are either questions of law, mixed questions of law and fact, or questions of statutory interpretation. These are each reviewed de novo. See Cordrey v. Euckert, 917 F.2d 1460, 1465 (6th Cir.1990), cert. denied, 111 S.Ct. 1391 (1991) (holding that, where issue is question of law or mixed law and fact, it is "subject to de novo review"); United States v. Brown, 915 F.2d 219, 223 (6th Cir.1990) ("A district court engages in statutory construction as a matter of law, and we review its conclusions de novo."); Waxman v. Luna, 881 F.2d 237, 240 (6th Cir.1989) ("Conclusions of law are ... subject to de novo review"); In re Edward M. Johnson & Assocs., Inc., 845 F.2d 1395, 1398 (6th Cir.1988) (stating that decision of district court on questions of law is reviewed de novo ).
 
 
 6
 Before us now is a mixed question of law and fact from an administrative decision of the NRAB. We have been asked to determine if the district court erred in holding Grand Trunk liable for the "entire amount" of the 2700 mile guarantees. The Railway Labor Act, 45 U.S.C. § 151 et seq. ("the Act"), has expressly provided that awards of the NRAB "shall be final and binding upon both parties to the dispute." 45 U.S.C. § 153 First (m). The Supreme Court has recognized that judicial review of such awards is limited to three specific instances. These are: "(1) failure of the Adjustment board to comply with the requirements of the Railway Labor Act; (2) failure of the Adjustment Board to conform, or confine, itself to matters within the scope of its jurisdiction, (3) fraud or corruption." 45 U.S.C. § 153 First (q). Union Pacific Railroad Co. v. Sheehan, 439 U.S. 89, 93 (1978); Jones v. Seaboard System Railroad, 783 F.2d 639, 642 (1986). "If the appellant cannot satisfy any of these three grounds, review cannot be granted." Sheehan, 439 U.S. at 642. Andrews v. Louisville & Nashville Railroad Co., 406 U.S. 320, 325 (1972).
 
 
 7
 In the case before us, we cannot determine that there has been a final and binding award when both the district court and the NRAB issued orders without hearing evidence on the issue of the amount of money that Grand Trunk owed. While the NRAB established that Grand Trunk is liable to the two employees under the guarantee, it had not set forth the amount of the liability. Similarly, after only affirming the NRAB in its first order, the district court simply stated the amount of the award in its supplemental order without properly hearing both parties' evidence. Thus, there can be no final and binding award when the issue of the amount owed remains unresolved. Because neither the district court, in its first order or the supplemental order, nor the NRAB have properly heard evidence as to the amount of money that Grand Trunk owes the Union, and instead focused only on liability, the issue of the amount of the award has not been fully litigated and thus is not ripe for review. We will not address a matter that is not ripe for review for three reasons: (1) courts should not become involved in the premature adjudication of an issue, (2) courts should not entangle themselves in administrative agency policy and (3) agencies should be protected from judicial interference. Abbott Laboratories v. Gardner, 387 U.S. 136 (1967).
 
 
 8
 Courts have traditionally been reluctant to review administrative determinations unless such cases are ripe for judicial resolution. Id. The ripeness doctrine holds that courts should be prevented from "entangling themselves in abstract disagreements." Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580 (1985) (quoting Abbott Laboratories v. Gardner, 387 U.S. 136, 148 (1967)); Adult Video Association v. United States Department of Justice, 71 F.3d 563, 568 (6th Cir.1995). As a result, a court must address a very basic set of issues before it decides the merits of the case. Adult Video Association, 71 F.3d at 568. In Adult Video Association v. United States Department of Justice, this circuit concluded that courts must consider three factors when determining ripeness. Id. First, the court will evaluate the "likelihood that the harm alleged by [the] plaintiffs will ever come to pass." Id. See also United Steel Workers, Local 2116 v. Cyclops Corp., 860 F.2d 189, 194 (6th Cir.1988). Second, the court will examine whether the factual record is sufficiently developed to produce a fair adjudication of the merits of the parties' respective claims. Id. at 195. Lastly, the court will address the "hardship to the parties if judicial relief is denied at [this] stage" in the proceedings. Id. See also Toilet Goods Association v. Gardner, 387 U.S. 158, 162 (1967).
 
 
 9
 Here, it is not necessary to address the first or third prongs, because the second prong has not been met. We therefore conclude that the district court in its June 9, 1995 Memorandum and Order was in error in holding that Grand Trunk is liable for the entire $18,470.43 because it erroneously believed that it did not have the authority to remand the case to the NRAB with the instruction to calculate the amount due. We find instead that the NRAB never made a finding or issued an award of any specific sum of money and thus the factual record is not sufficiently developed to produce a fair adjudication of the parties' respective claims. Therefore, the case is not ripe for judicial determination because (1) the NRAB's decision cannot be final as it has failed to make a specific determination of the amount of the award due to the employees and (2) the record below is clearly insufficient as to the issue of the calculated amount of money due to the employees.
 
 III.
 
 10
 Accordingly, we hereby REVERSE and REMAND this matter to the district court with the instruction to remand this matter to the National Railroad Adjustment Board to calculate the specific amount of money due under the claims for the "2700 mile guarantees."
 
 
 
 [1]
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [2]
 "Mile Guarantees" are make-up payments to ensure that employees are compensated up to a certain level when their regular earnings do not reach that level, as specified under their collective bargaining agreement