**Joseph HALEY, d/b/a Offshore Air, Petitioner,**

v.

**FEDERAL AVIATION ADMINISTRATION, Respondent.**

No. 02–1233.

United States Court of Appeals, District of Columbia Circuit.

March 4, 2004.

Joseph Haley, Offshore Air, Bainbridge Island, WA, pro se.

Peter J. Lynch, Assistant Chief Counsel, James William Tegtmeier, Attorney, Vicki Sherman Leemon, Federal Aviation Administration, Washington, DC, for Respondent.

Before: SENTELLE, ROGERS, and GARLAND, Circuit Judges.

## JUDGMENT

PER CURIAM.

This petition for review of an order of the Federal Aviation Administration was considered on the briefs and appendix filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the petition for review be dismissed. The petition for review was not filed within 60 days after issuance of the May 16, 2001 order, nor does alleged agency error in the underlying proceeding constitute "reasonable grounds" for not filing by the 60th day. *See* 49 U.S.C. § 46110(a). Furthermore, petitioner's series of reconsideration petitions did not toll the running of the judicial review period for the May 16, 2001 order. Whatever the effect of the first petition for reconsideration (which was dismissed as untimely), the second petition (which was dismissed as unauthorized under agency rules) did not toll the running of the review period. *Cf. National Bank of Davis v. Office of Comptroller of Currency,* 725 F.2d 1390, 1392 (D.C.Cir.1984) (per curiam) (holding that "a motion for administrative reconsideration, which Congress did not order the agency to entertain, which the agency dismissed in relevant part on procedural grounds, and which the petitioner filed over sixty days after the agency acted, [cannot] effectively extend[ ], retroactively, the thirty-day period Congress specified for judicial review petitions").

Finally, to the extent that petitioner seeks review of the subsequent orders dismissing his reconsideration petitions, he offers only a conclusory assertion that his first petition was in fact timely, he offers no argument at all concerning the dismissal of his second petition as unauthorized

under the agency's rules, and an agency's rejection of such a second petition is not in any event reviewable. *See Sendra Corp. v. Magaw,* 111 F.3d 162, 167 (D.C.Cir.1997). His petition for review must, therefore, be dismissed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.