# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3908

_____

New Prime, Inc., doing business as    *
Prime, Inc.,    *
   *
       Petitioner,    *
   *   Petition for Review of an Order
     v.    *   of the Federal Motor Carrier Safety
   *   Administration.
Federal Motor Carrier Safety    *
Administration; United States    *   [UNPUBLISHED]
Department of Transportation; United    *
States of America,    *
   *
       Respondents.    *

_____

Submitted: November 3, 2006
Filed: December 1, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

New Prime, Inc., d/b/a Prime, Inc. (Prime) petitions for review following a decision by a Federal Motor Carrier Safety Administration (FMCSA) Assistant Administrator refusing to vacate a final agency order (FAO) imposing civil penalties. We dismiss the petition as untimely.

Prime's October 2005 petition for review is untimely because it was required to be filed, at the latest, within thirty days of the issuance of the July 26, 2004, FAO on August 3, 2004. See 49 U.S.C. § 521(b)(9). Because the statute and regulations are silent on the issue, the applicable Administrative Procedures Act provision applies, and the FAO at issue here became final for purposes of judicial review when the FAO was issued, despite Prime's filing of a motion to vacate. See 5 U.S.C. § 704 (except as otherwise expressly required by statute, agency action otherwise final is final for purposes of judicial review whether or not there has been presented or determined any form of reconsideration); Darby v. Cisneros, 509 U.S. 137, 145-47 (1993) (§ 704 has long been construed not to prevent petitions for reconsideration from rendering orders under reconsideration nonfinal).

Even if a motion for reconsideration could toll the time for filing a petition for review, we agree with FMCSA that Prime's August 10, 2004 motion to vacate the FAO was a motion to reconsider, and thus Prime would have had thirty days from the July 5, 2005, order denying that motion to file the instant petition for review, which it failed to do.[1] Prime's subsequent July 16, 2005, motion to reconsider, which FMCSA viewed as an unauthorized successive motion to reconsider, was ineffective to further toll the time to file a petition for judicial review. Cf. Midland Coal Co. v. Dir., Office of Workers' Comp. Programs, 149 F.3d 558, 560, 564 (7th Cir. 1998) (in case involving Black Lung Benefits Act, finding no jurisdiction to entertain petition for review, whether second request to reconsider was untimely request to reconsider Benefits Review Board's original decision or unreviewable request to reconsider denial of first motion to reconsider); Nat'l Bank of Davis v. Office of Comptroller of

_____

[1]Prime argues that its August 10, 2004 motion to vacate was not a motion to reconsider, but it offers no authority for that position and at the time, only a motion for reconsideration--not a motion to vacate--was provided for in the applicable regulations. See 49 C.F.R. § 368.64 (2004). Further, the Assistant Administrator clearly stated in denying Prime's motion to vacate that it had been construed as a motion for reconsideration.

<u>Currency</u>, 725 F. 2d 1390, 1391-92 (D.C. Cir. 1984) (per curiam) (motion for administrative reconsideration which Congress did not direct agency to consider, which was dismissed in part on procedural grounds, and which petitioner filed over 60 days after agency acted, cannot retroactively extend 30-day period Congress specified for judicial review).

Accordingly, we dismiss as untimely Prime's petition for judicial review.

_____