In the

# United States Court of Appeals
## For the Seventh Circuit
_____

No. 06-2542

BROTHERHOOD OF LOCOMOTIVE ENGINEERS
AND TRAINMEN GENERAL COMMITTEE OF
ADJUSTMENT, CENTRAL REGION,

*Plaintiff-Appellant*,

*v.*

UNION PACIFIC RAILROAD COMPANY,

*Defendant-Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 C 2401—**Virginia M. Kendall,** *Judge*.

_____

On Petition for Rehearing

_____

DECIDED AUGUST 11, 2008

_____

Before EASTERBROOK, *Chief Judge*, and POSNER, FLAUM,
RIPPLE, KANNE, ROVNER, WOOD, EVANS, WILLIAMS, SYKES,
and TINDER, *Circuit Judges*.

On April 23, 2008, plaintiff-appellant filed a petition
for rehearing with a suggestion for rehearing en banc, and
on May 16, 2008, defendant-appellee filed an answer to the
petition. All of the judges on the panel voted to deny

rehearing. No judge in regular active service has called for a vote on the suggestion for rehearing en banc. The petition is therefore Denied. Chief Judge Easterbrook concurs in the denial of rehearing en banc. His concurrence, in which Judge Posner joins, is attached.

EASTERBROOK, *Chief Judge*, with whom POSNER, *Circuit Judge*, joins, concurring in the denial of rehearing en banc. Relying on *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834 (7th Cir. 1999), the panel held that decisions of the National Railroad Adjustment Board may be set aside on due-process grounds, notwithstanding *Union Pacific R.R. v. Sheehan*, 439 U.S. 89 (1978), and the omission of due process from the statutory grant of reviewing authority, 45 U.S.C. §153 First (q). Three circuits have held after *Sheehan* that review of due-process arguments is forbidden. See *United Steelworkers v. Union R.R.*, 648 F.2d 905 (3d Cir. 1981); *Kinross v. Utah Ry.*, 362 F.3d 658 (10th Cir. 2004); *Henry v. Delta Air Lines*, 759 F.2d 870 (11th Cir. 1985). Another has agreed in dictum. *Jones v. Seaboard R.R.*, 783 F.2d 639, 642 n.2 (6th Cir. 1986). But four other circuits are on the panel's side of this conflict. See *Shafii v. PLC British Airways*, 22 F.3d 59 (2d Cir. 1994); *Locomotive Engineers v. St. Louis Southwestern Ry.*, 757 F.2d 656 (5th Cir. 1985); *Goff v. Dakota, Minnesota & Eastern R.R.*, 276 F.3d 992 (8th Cir. 2002); *Edelman v. Western Airlines, Inc.*, 892 F.2d 839 (9th Cir. 1989). There is little to be gained from making the conflict 5-4 one way rather than 5-4 the other way. Only

Congress or the Supreme Court can bring harmony, and neither institution seems much interested in doing so. (This conflict is 23 years old.)

Lurking behind the panel's decision is a question that the petition for rehearing en banc does not mention: whether the Board *did* offend the Constitution's due process clause. The litigants dispute whether papers filed with the Board must show that the parties attempted to work out their differences "on the property" (that is, through the carrier's auspices) before turning to the agency. No one doubts that informal dispute resolution is required. The novel question is whether a demonstration to that effect is a precondition to the Board's review. Our panel assumed (as the parties' briefs also did) that, if the Board adopted this requirement in the course of deci-sion—that is, by adjudication rather than prospective rulemaking—then it violated the Constitution. The bulk of the panel's opinion is devoted to the question whether the Board has adopted a new requirement and thus acted unconstitutionally.

That assumption is questionable. Lawmaking in the course of adjudication is a staple of any common-law system, and rules adopted in that fashion apply not only to the parties but also to all similar cases. See, e.g., *James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529 (1991). Administrative agencies no less than courts may adopt new rules by adjudication. See *NLRB v. Bell Aerospace Co.*, 416 U.S. 267, 290–95 (1974). Any suggestion that common-law develop-ments are limited to substantive norms—that the Con-stitution does not tolerate changes that metaphorically "close the courthouse door"—would be hard to justify. Why may an agency or court change a substantive rule retroac-tively, and penalize conduct that seemed lawful when it

occurred, but not change a procedural rule? Cf. *Landgraf v. USI Film Products*, 511 U.S. 244, 273–80 (1994) (suggesting that retroactive procedural changes are easier to justify than retroactive substantive changes).

Distinguishing between substantive and procedural changes also would be difficult to square with decisions such as *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), and *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350 (1991). In *Bell Atlantic* the Justices modified federal pleading requirements and threw out a complaint that would have been deemed sufficient earlier; in *Lampf Pleva* the Court revamped the statute of limitations for securities actions and dismissed hundreds of proceedings in which plaintiffs, relying on older law, had delayed in filing suit. And, when Congress tried to honor those reliance interests and allow the suits to continue, the Justices held *that* statute unconstitutional, on the ground that final judgments cannot be changed by legislative action. *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211 (1995).

Because all parties to this case assumed that a change of law during the course of administrative adjudication offends the Constitution, it would be inappropriate for the court *en banc* to tackle that issue. The court will have time enough to address this subject when the question is squarely presented.